(32 App. Div. 435.)

## HENDERSON v. BARTLETT.

(Supreme Court, Appellate Division, Second Department. July 23, 1898.)

**1. OPTION CONTRACT—EVIDENCE OF ELECTION.**
Plaintiff loaned money to defendants, taking their notes therefor. Subsequently plaintiff purchased from defendants certain stock, with the right to retain the stock in payment of the note, or to elect, within a certain time, on notice, to treat the transaction as a loan, in which event defendants were to take back the stock at its par value, and to pay interest thereon to plaintiff. *Held*, that evidence that, after the day fixed for such election, defendants continued to pay interest, warranted a finding of a notice to treat the transaction as a loan.

**2. ELECTION OF REMEDIES—MISTAKE.**
The rule that, where a party has a choice between two inconsistent remedies, the commencement of an action is deemed a conclusive election between them, does not operate to preclude him, on account of a mere mistake in selecting the wrong party to sue, from asserting liability against the party actually liable, when he is discovered, where the cause of action was created by independent transactions.

**8. HARMLESS ERROR.**
A ruling which is erroneous within the rule excluding personal transactions with a deceased person does not require a reversal if it relates to an issue not seriously litigated, and if it is not prejudicial.

**4. APPEAL—OBJECTIONS TO INSTRUCTION.**
A mere statement by the court, upon a trial, that "I understand counsel to except to my failure to charge all the requests not charged, and to all modifications of requests," does not present any question upon appeal, nor does it relieve the party from pointing out with reasonable certainty the particulars wherein the ruling or the charge is excepted to.

Appeal from trial term.

Action by Angelina A. Henderson against Maria H. N. Bartlett, executrix of Edward B. Bartlett, deceased. From a judgment entered on a verdict, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Edward B. Whitney (Henry W. Goodrich on the brief), for appellant.

William N. Dykman, for respondent.

HATCH, J. This action was brought to recover damages for a breach of contract. The facts out of which the claim arises are, briefly, these: The testator, Edward B. Bartlett, was a member of the firms of E. B. Bartlett & Co. and Peter Mallett & Co., and was a stockholder in the Union Warehouse Company, of which last company Alexander D. Henderson, a son of the plaintiff, was secretary.

Prior to the 1st day of May, 1893, the plaintiff had loaned to the firm of E. B. Bartlett & Co. $25,000, through the agency of her son, for which she held the notes of the firm, and certain stocks and bonds as collateral security for their payment. These notes were payable to the order of the son, and were by him indorsed to the plaintiff, and he also delivered to her the collaterals. On May 1, 1892, E. B. Bartlett entered into a written agreement under seal with Alexander D. Henderson to sell to the latter 250 shares of the Union Warehouse Company stock, at its par value of $100 each share. By the terms of this agreement, Henderson was to take the stock, and pay therefor the sum of $25,000. Bartlett agreed that at any time prior to May 1, 1894, on 30 days' notice in writing from Henderson, he would take back the stock at its par value, in which event he would pay interest upon the purchase price at the rate of 6 per cent. per annum, and was to receive under such circumstances all dividends paid or accrued thereon. No money passed as the result of this agreement. While the contract was made with Henderson, and he was a party to it, yet the real party in interest was the plaintiff, her claim being that this contract and the delivery of the stock thereunder were to take the place of the notes of E. B. Bartlett & Co., and of the collateral security held by her. We think the evidence upon this point warranted the jury in finding that such was the transaction, and that this contract, together with the stock, was transferred and assigned by the son to the plaintiff, and that she held the same subject to the option clause contained therein.

The issue raised by the pleadings as finally amended and litigated upon the trial was whether this agreement and the transaction were independent of the loan to E. B. Bartlett & Co., or whether they were a mere substitution of security for such loan which in fact was continued; and, if so, was the notice given under the option clause of the contract to treat the transaction as a loan instead of a sale of the stock. The plaintiff therefore attempted to show that in fact the notes of E. B. Bartlett & Co. and the securities held for their payment were surrendered, and the debt represented thereby canceled. And plaintiff sought to establish that she relied upon the contract with E. B. Bartlett, that notice to Bartlett to take the stock had been given, and failure upon his part to pay rendered him liable in damages. Bartlett died on May 24, 1894. In order to establish that notice of election to treat the agreement with E. B. Bartlett as a loan, instead of a sale of the stock, was given, evidence was introduced tending to establish that payment of interest was made from time to time, at the rate of 6 per cent. upon $25,000, after the time when, under the option clause in the agreement, notice should have been given to treat the transaction as a loan instead of a sale. The inference which plaintiff insists should be drawn from the fact of the continued payment of interest is that such payment was inconsistent with the sale of the stock; and such inference, we think, it was fair to draw. If the agreement had become absolute as a sale of stock, then no interest was due, for the reason that the $25,000 would then represent, not a loan, but the purchase price of the stock; in consequence of which no interest would become due, and plaintiff was only entitled to

the stock and such dividends as had accrued thereon. The fact that interest had always been paid at the same period and in the same amounts is not inconsistent with the deduction which might reasonably be made after the time when the option clause was to take effect, by the continued payment of interest. All payment of interest prior to that time was concededly upon the assumption that the money advanced represented a loan. Such, however, could not be the fact after the time when plaintiff was to make her election whether she would treat the transaction as a sale, or as a loan of money. If treated as a sale, no interest would become due or be likely to be paid. If treated as a loan, then it was payable at the given rate upon that sum. By the terms of the agreement, notice of election to treat the transaction as a sale, and not as a loan, was to be given 30 days prior to May 1, 1894, while interest was paid on the 1st day of April, 1894, and on the 1st day of May following, and also on the following 1st day of June, the latter payment being after Bartlett's death. The last two payments, one of which was during the lifetime of Bartlett, could reasonably be treated by the defendant as a recognition of the fact that the option right had been exercised, and that election had been made to treat the transaction as a loan, and not as a sale; for such payment was entirely inconsistent with a sale, as nothing would have been due thereunder. Bartlett must be presumed to have known of this payment, as the check was drawn by the firm and entered in the books, and he is presumed to know the contents of the firm's books (Fairchild v. Fairchild, 64 N. Y. 471; Bates, Partn. § 978), and is therefore to be regarded—at least, so the jury was authorized to find—as having knowledge that the transaction was to be treated as a loan, and not as a sale. It was upon this theory alone that the court submitted the case to the jury, to find whether notice of election to treat the transaction as a loan had been given; and upon such submission the jury found in favor of the plaintiff. We are of opinion that the defendant cannot complain of this submission. It was upon a single fact alone, while, as we view the evidence, the court would have been warranted in submitting it upon a somewhat broader view. The defendant, upon cross-examination of the plaintiff, introduced in evidence the claim of the plaintiff against the firm of E. B. Bartlett & Co. for this same debt, filed with the assignee of E. B. Bartlett & Co. While the purpose of the introduction of this claim by the defendant was undoubtedly to show that the plaintiff always treated her demand as a loan to E. B. Bartlett & Co., and that, therefore, her present attitude was entirely inconsistent with such claim, yet no such limitation was placed upon the evidence, nor was it restricted to any particular portion or for any particular purpose. It was therefore in evidence for all the purposes to which it might be legitimately applied. It is therein stated, after setting out the transaction, that plaintiff had elected to surrender the stock, and treat the transaction as a loan, and had given notice of such fact. Thus was introduced a declaration of the plaintiff that she had given notice under the option clause in the contract, and thereby supplemented the inference which the court charged the jury might be drawn from the payment of the interest

alone.    In addition to this, plaintiff testified to the same fact upon
her oral examination.    It is quite true that the filing of a claim with
the assignee of E. B. Bartlett & Co. was inconsistent with the claim
that the liability was alone that of E. B. Bartlett for damages arising
out of the breach of his contract.    While the plaintiff upon the trial
of this action testified that she regarded the loan to E. B. Bartlett &
Co. as a continuing loan, and while, in her action against such firm
and the defendant (as executrix) and the assignee, she demanded judg-
ment for the amount of such loan, yet all of these matters simply
furnish contradictory evidence.    They do not work an estoppel, and,
while proper for consideration by the jury, yet, upon the other evi-
dence in the case, the jury became authorized to find that the
ultimate transaction was a loan to E. B. Bartlett, for which he and
his estate became liable.    We are therefore unable to agree with
the contention of the learned counsel for the appellant that there was
no evidence upon which to base the verdict.    On the contrary, we
think the evidence may well support the verdict which was rendered.

It is further claimed by the appellant that the institution of an
action prior to the present one against the firm was a conclusive
election of remedies, which barred the plaintiff's present action.    It is
the undoubted rule that, where a party has a choice between two in-
consistent remedies, the commencement of an action is deemed a con-
clusive election between them.    Deitz v. Field, 10 App. Div. 425, 41
N. Y. Supp. 1087, and cases cited.    We do not question this rule of
law, but it has no application whatever to the present action.    This
case involved in no sense an election of remedies.    On the contrary,
it is an assertion upon the part of the plaintiff that different indi-
viduals are differently liable upon different instruments.    The plain-
tiff has but one remedy, and has elected to use but one, although she
has brought different actions.    Her first action is based upon a
claimed liability existing in her favor against the firm of E. B. Bart-
lett & Co., its assignee, and the representative of the deceased partner.
This action seeks a recovery of damages against the representative of
E. B. Bartlett for breach of his personal contract.    The remedy in
both cases is by action upon distinct and independent claims, resting
upon distinct and separate grounds.    It may well be that in the first
action, if tried, the plaintiff might be defeated upon the ground that
the cause of action upon which she bases her right to recover did not
exist, by reason of the cancellation and surrender of the notes and
the debt.    Indeed, such is the defense averred in the answer to such
action, as appears in the present record.    It would be a singular con-
dition which would thus establish a defense to such action by demon-
strating that such liability had been transferred to E. B. Bartlett by
virtue of his contract, whereby the indebtedness sued upon had been
canceled, and then to say, in an attempt to enforce liability against
him by the plaintiff, that she was precluded by having elected to sue
the wrong person.    No such rule of law is found in any adjudicated
case, nor is it founded in reason.    The fact that but one debt existed
is entirely immaterial.    The remedy which the plaintiff seeks is to
fasten liability where liability exists; and mere mistake in selecting
a wrong party has never been held to preclude a party from asserting

liability against the person liable when he is discovered.   The cases
which the appellant relies upon are cases of fraud, where a party had
the right to sue in tort, or affirm the fraudulent contract, and bring
action for its breach; and they are all cases where the liability arises
out of the same transaction, and the plaintiff is given different reme-
dies to enforce the rights which thereby accrued.   An election in
such a case is conclusive.   Conrow v. Little, 115 N. Y. 387, 22 N. E.
346; Terry v. Munger, 121 N. Y. 161, 24 N. E. 272.   As already ob-
served, such rule has no application to such a case as this, where the
search is for the party liable, and the cause of action is created by in-
dependent transactions.

The plaintiff also insists that error was committed in permitting
Alexander D. Henderson to testify to his surrender of the notes of
E. B. Bartlett & Co., together with the collateral securities, and his
receiving the contract and the stock which is the subject of this action.
This ruling was error, within the rule which excludes personal trans-
actions had with a party deceased.   Clift v. Moses, 112 N. Y. 426,
20 N. E. 392; Finton v. Egelston, 61 Hun, 246, 16 N. Y. Supp. 721.
The error, however, was harmless.   An examination of the record
discloses that defendant, by her answer, admitted the making and exe-
cution of the contract which formed a part of plaintiff's complaint,
and which is the contract for the breach of which damages are de-
manded.   In addition to this, the defendant, by introducing in evi-
dence the claim of the plaintiff, presented to the assignee of E. B.
Bartlett & Co., established the same facts.   Indeed, the fact that
such transaction was had was not an issue seriously litigated upon
the trial.   In no sense can it be said, therefore, that the defendant
was prejudiced by such testimony.

The amendments which were allowed by the court upon the trial
were clearly within its discretion.   So far as any exception to the
charge is concerned, even if erroneous, we do not think any question
was raised.   An exception to a charge requires that it be specifically
pointed out, and the exception thereto taken, in order that the ap-
pellate tribunal may fairly see what the point sought to be presented
is.   This rule is so familiar as not to need the citation of authority.
If the court seeks to give an exception to a party, it must do it in
language equally clear; and a mere statement by the court that "I
understand counsel to except to my failure to charge all the requests
not charged, and to all modifications of requests," does not present
any question; nor does it relieve a party from pointing out with rea-
sonable certainty the particular wherein the ruling or the charge is
excepted to.   The court upon appeal is practically unable to spell
out the point thus sought to be raised.   While the ruling of the
court entitles the party to an exception, yet, where the language used
by the court is so indefinite that it is not pointed out, the party must,
in order to make the question available, point out the objectionable
language, and interpose thereto the exception which has been allowed
by the court, when the record is made up.   Drake v. New York Iron
Mine, 156 N. Y. 90, 50 N. E. 785.   We do not think the court commit-
ted any error in its charge.   Even though it be conceded that the
agreement waiving notice could not be proved by parol, yet the de-

fendant was not concluded thereby, and when she proved that such notice had been given, and the plaintiff proved that it had been acted upon by the payment of interest, all that was essential to enable the jury to find an executed agreement was established.

We find no error in this case which calls for a reversal of the judgment. The judgment should therefore be affirmed, with costs. All concur.