## WATERS et al. v. GOLDBERG et al.

(Supreme Court, Appellate Division, Second Department. February 28, 1908.)

1. MECHANICS' LIENS—NOTICE OF LIEN—REQUISITES OF NOTICE.

The statute relating to mechanics' liens is to be construed liberally, and the question of the validity of the notice turns upon substantial compliance with its provisions, with the limitation that this rule cannot be applied in so far as to entirely dispense with what the statute says the notice shall contain.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Mechanics' Liens, §§ 161–170.]

2. SAME—LIEN OF PARTNERS.

Notice of a mechanic's lien was not bad, because the claimants neither alleged therein a copartnership, nor filed the lien in the name of their

copartnership, where all the members filed it and stated that they had a lien; thus giving notice of a joint claim.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Mechanics' Liens, §§ 165–170.]

**3. SAME—VERIFICATION OF CLAIM.**

Verification of a claim for a mechanic's lien, made by one lienor only, was sufficient, where he made it as one of the two lienors who gave notice of a joint claim.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Mechanics' Liens, §§ 261–267. ]

Appeal from Municipal Court, Borough of Brooklyn, Second District.

Action by David Waters and another against Louis Goldberg and others. From a judgment dismissing the complaint, plaintiffs appeal. Reversed.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

M. H. Newman, for appellants.

JENKS, J. This is an appeal from a judgment of the Municipal Court dismissing a complaint in an action to foreclose a mechanic's lien. Aside from the pleadings, there was nothing before the court save the notice of lien, which was an exhibit of the plaintiff. The motion for dismissal was made upon the ground that the lien sued upon is not the lien filed, that it was defective, that it was filed on behalf of the plaintiff Waters individually, and that it nowhere appeared that Waters filed it as a copartner, or for the interest of Waters and Miller, the plaintiffs named, who alleged in the complaint that they were then and theretofore copartners.

The respondents neither appeared nor filed a brief, and we are not enlightened as to the reasons for the dismissal beyond the said grounds of the motion. The chief purpose of the statute regulating the filing of the notice of lien is to afford notice, and the observance of the various provisions of such statute is essential to the security "of owners, purchasers, and other lien creditors, as furnishing some data by which, in case of dispute, they may be enabled to ascertain the truth." Bell, J., in Knabb's Appeal, 10 Pa. 188, 51 Am. Dec. 472, citing Noll v. Swineford, 6 Barr (Pa.) 187. The same learned judge well says:

"Adherence to the terms of the statue is indispensable, but the rule must not be pushed into such niceties as serve but to perplex and embarrass a remedy intended to be simple and summary, without in fact adding anything to the security of the parties having an interest in the building sought to be encumbered. Certainty to a common intent has, therefore, always been held to suffice."

The statute is to be construed liberally, and the question of the validity of the notice turns upon substantial compliance with its provisions, with the limitation that this rule cannot be applied so far as "to entirely dispense with what the statute says the notice shall contain." Cullen, J., for the court in Mahley v. German Bank, 174 N. Y., at page 501, 67 N. E., at page 118.

108 N.Y.S.—63

I think that, although the plaintiffs were at the times of doing the work and of filing the lien, and still are, copartners, the notice of lien was not bad because they neither alleged therein such copartnership nor filed the lien in the name of their copartnership. All of the members of the copartnership filed the lien, stating that they "have a lien." This was notice, then, of a joint claim of all of the individuals of the copartnership by all of them. I fail to see how any one interested could be affected by the omission to state the copartnership or the copartnership name. See Knabb's Appeal, supra, and Duckwall v. Jones, 156 Ind. 682, 58 N. E. 1055, 60 N. E. 797, both cited in 20 Am. & Eng. Ency. of Law (2d Ed.) p. 427. In Knabb's Appeal, supra, the court say:

"The objection that it does not appear whether the creditors claimed as individuals, or as a firm, is equally unsubstantial. Even admitting they claim in the latter capacity, it is not necessary it should so appear, in order to individuate them. In point of form, even a common-law narr. by partners is good, without so specifically designating them."

The verification is by the lienor Waters only. But I think it sufficed, as he made it as one of the two lienors who gave notice of a joint claim. The purpose of verification is assurance of the validity of the lien and of the good faith of the lienor, under the penalty of perjury. This is sufficiently assured by the verification of one of the joint lienors as such.

I think that the judgment should be reversed, and a new trial ordered; costs to abide the event. All concur.