PATTERSON et al. v. YOUNGS et al.

(Supreme Court, Appellate Term. May 22, 1911.)

1. PARTNERSHIP (§ 355*)—LIMITED PARTNERSHIP—SPECIAL PARTNER.

A limited partnership certificate was filed, reciting that M. and C. were general partners, and that Y. & Bros. was a special partner for one year. and had contributed $25,000. A year later a new certificate was filed, reciting that the partners were desirous of continuing a limited partnership, the certificate for which had been filed the previous year, and recited that M. and C. were the general partners, and that the special partners were the three defendants Y., and that they had contributed $8,333.33 each. Such sums were not paid in cash, but· represented the

one-third interest of each of the defendants Y. in the original contribution to the previous limited partnership by the firm of Y. & Bros., the special partners. *Held*, that the filing of the new certificate constituted a new partnership, and, defendants not having paid their contribution in cash as recited in the certificate, there was no substantial compliance with Partnership Law (Consol. Laws 1909, c. 39) §§ 31, 34, providing that an affidavit shall be filed stating that the sums specified have been contributed by each of the special partners to the common stock and have been actually in good faith paid in cash, and providing that in case of false statement the persons interested shall be liable as general partners.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 829–833; Dec. Dig. § 355.*]

2. PARTNERSHIP (§ 361*)—NEW FIRM—SPECIAL PARTNERS—CONTINUANCE.

Where an original limited partnership certificate described the special partner as the firm of W. P. Y. & Bros., and recited that such special partner had contributed $25,000, and a subsequent certificate, filed the succeeding year, recited that the special partners were the defendants Y., and that they had each contributed $8,333.33, the recitals as to the identity of the special partners were not substantially the same, so that the new certificate could be supported as a mere continuance of the old firm.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. § 838; Dec. Dig. § 361.*]

3. JUDGMENT (§ 707*)—RES JUDICATA—PARTIES.

A judgment in a prior action is not res judicata as to persons who were not parties to the former action.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1230; Dec. Dig. § 707.*]

4. ELECTION OF REMEDIES (§ 3*)—ACTION AGAINST FIRM—SUIT AGAINST SPECIAL PARTNERS.

A former suit by plaintiff against a firm did not constitute an election of remedies, or a determination not to sue special partners and seek to hold them liable as general partners, because of alleged insufficiency of the organization proceedings.

[Ed. Note.—For other cases, see Election of Remedies, Cent. Dig. §§ 3, 4; Dec. Dig. § 3.*]

Appeal from City Court of New York, Trial Term.

Action by Mary Patterson and another, as administrators of Thomas G. Patterson, deceased, against Charles A. Youngs and others. From a judgment of the New York City Court in favor of defendants, entered on a directed verdict, plaintiffs appeal. Reversed, and new trial ordered.

Argued before SEABURY, LEHMAN, and BIJUR, JJ.

Armstrong, Brown & Boland (Pierre M. Brown, of counsel), for appellants.

Wilder, Ewen & Patterson (William R. Wilder and John Ewen, of counsel), for respondents.

BIJUR, J. [1] This action is brought against the three defendants as general partners. On January 2, 1900, a limited partnership certificate was filed, which recited that Wm. E. Marsh and Herbert F. McClennen were the general partners, and the firm of Wm. P. Youngs & Bros. the special partner for a term of one year, and that

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the special partner had contributed the sum of $25,000. One year later a new certificate was filed, reciting that the persons named therein were desirious of continuing a limited partnership, the certificate for the formation of which had been duly filed in 1900. It further recited that the general partners were Marsh and McClennen as above, and that the special partners were the three defendants in this action, and that they had contributed $8,333.33 each.

It is conceded that these three sums were not paid in cash, but represented the one-third interest of each of the three defendants in the original contribution (to the previous limited partnership) of the firm of W. P. Youngs & Bros. (the special partners). It seems perfectly clear that a new partnership had been formed, and that in place of the one former special partner, a firm, three new special partners, individuals, had been taken in, and that, as they did not actually pay in any cash contribution, as recited in the certificate, they must be held liable as general partners. Partnership Law, § 34.

The cases cited by respondents are not authority for the proposition that the facts in this case constituted a substantial compliance with the provisions of the partnership act. In White v. Eiseman, 134 N. Y. 101, 31 N. E. 276, a certified check was deposited before the papers were filed, although not actually paid to the depository bank till . the next day. This was held to be a cash contribution. Fifth Avenue Bank v. Colgate, 120 N. Y. 381, 24 N. E. 799, 8 L. R. A. 712, holds merely that a renewal certificate need not state that the original capital is unimpaired, and if such a statement is made in good faith, even if untrue, it gives rise to no ground for action, since it is technically surplusage.

[2] The further claim is made by respondents that the recitals in both certificates as to the identity of the special partner were substantially the same, and that the divergence is negligible and harmless, particularly as the new certificate on its face purported to be only one of continuance of a previous partnership. There would be more force in the contention, were not the requirement of the statute so plain. The same argument could be advanced in favor of the validity of the second certificate, if it had recited incorrectly the name of an entire stranger as the special partner. In Waters v. Goldberg, 124 App. Div. 511, 108 N. Y. Supp. 992, cited by respondents, a notice of a mechanic's lien for work done by a copartnership was held sufficient, although it did not mention the copartnership, but was filed on behalf of all the partners named. The court held that this was notice of a joint claim, and served every purpose of the statute.

[3] The judgment in the previous action of Patterson v. Marsh & McClennen is not, as claimed by respondents, res judicata as to whether or not these defendants were special partners, because these defendants were not parties to that action.

[4] Nor is it conclusive on plaintiffs as an election, or rather a determination, not to hold defendants as general partners. The cases of Terry v. Munger, 121 N. Y. 161, 24 N. E. 272, 8 L. R. A. 216, 18 Am. St. Rep. 803, and Droege v. Ahrens & O. Mfg. Co., 163 N. Y. 466, 57 N. E. 747, cited by respondents on this point, are cases in

which there was an election between inconsistent *remedies,* and are manifestly inapplicable to the case at bar. See Henderson v. Bartlett, 32 App. Div. 435, 440, 53 N. Y. Supp. 149.

Judgment reversed, and new trial ordered, with costs to appellants to abide the event. All concur.