■ In the Matter of CORINA ASSOCIATES, INC., Doing Business as CORINA CONSTRUCTION COMPANY, Respondent, v. McMANUS, LONGE, BROCKWEHL, INC., et al., Appellants.— Appeal from an order of Supreme Court at Special Term, entered in Rensselaer County, which granted petitioner's motion to amend its mechanic's lien nunc pro tunc and denied appellants' cross motion to cancel the lien. For several years the Corina Construction Company had been a father-son partnership consisting of Edmund J. Corina, presently the president of Corina Associates, Inc., and his father, now deceased. Respondent, Corina Associates, Inc., was incorporated in 1967 and continued to use the name Corina Construction Company thereafter. In March of 1969 Corina Construction Company subcontracted with the appellants to perform work in the construction of an addition to the Samaritan Hospital in the City of Troy. A dispute arose between the appellant and the respondent and on November 30, 1970 Corina Construction Company filed a mechanic's lien against the real property. On July 9, 1971 the appellants obtained an order requiring respondent to commence an action to foreclose the lien within 30 days and it was at this time that respondent discovered the defect in the name of the lienor and moved for amendment of the notice of lien. Special Term granted a motion to change the name of the lienor from Corina Construction Company to Corina Associates,

Inc. Appellants claim that the notice of lien was fatally defective when filed and that Special Term was powerless to validate by amendment *nunc pro tunc* that which was an invalid notice when originally filed. A valid lien is created by filing a notice which substantially complies with the provisions of section 9 of the Lien Law (see Lien Law, §§ 9, 23; *Toop* v. *Smith,* 181 N. Y. 283; *Waters* v. *Goldberg,* 124 App. Div. 511). The failure in a material requirement of section 9 voids the lien. (*Matter of Frank Teicher, Inc.* v. *Gold,* 239 App. Div. 285; *Blackman-Shapiro Co.* v. *Salzberg,* 8 Misc 2d 972.) In this instance, the defect in the name of the lienor was a misdescription and not a jurisdictional defect. While the name Corina Construction Company was not the true legal entity which did the work, the filing of the notice of lien in that name gave adequate notice of the lienor's identity to all concerned. The notice described the lienor as a corporation, listed its business address and was verified by respondent's president. The respondent had operated publicly for many years under the name of Corina Construction Company, it executed the contract and performed the work under that name and the apellants' used that name without confusion in moving legally against respondents. There was no prejudice to an existing lienor, mortgagee or purchaser in good faith by amendment, and none proven or alleged to appellants other than the burden of having a valid lien filed against them. This obviously is not the prejudice which the statute contemplates and the court properly amended the notice *nunc pro tunc.* (Lien Law, § 12-a.) We have considered the other arguments advanced by appellants and find them without merit. Order affirmed, without costs. Staley, Jr., J. P., Cooke, Sweeney, Simons and Kane, JJ., concur.