■ In the Matter of AGOSTINO ONORATI et al., Respondents, v TESTCO, INC., Appellant. TESTCO TANK AND PUMP, INC., Appellant-Respondent, v AGOSTINO ONORATI et al., Respondents-Appellants, et al., Defendants. [612 NYS2d 473] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Cobb, J.), entered April 5, 1993 in Greene County, which granted petitioner's application pursuant to Lien Law § 59 to vacate a mechanic's lien.

Cross appeals from an order of the Supreme Court (Cobb, J.), entered March 9, 1993 in Greene County, which, *inter alia,* denied plaintiff's cross motion to amend a mechanic's lien pursuant to Lien Law § 12-a.

Pursuant to a contract entered into in May 1990 with Agostino Onorati and Angela Onorati, Testco, Inc. (hereinafter Testco) constructed certain improvements on the Onoratis' real property located in Greene County. Work on the project, which commenced on August 2, 1990, was apparently per-

formed both by Testco and Testco Tank and Pump, Inc. (hereinafter Testco Tank), a second corporation which was formed by the principals of Testco in September 1990. Work ceased in January 1991.

On April 5, 1991, Testco Tank filed a mechanic's lien against the property, and in June 1991 commenced this action to foreclose the lien or, alternatively, to obtain a money judgment against the Onoratis. After issue was joined, the attorney representing Testco and Testco Tank discovered that the contract had been entered into by Testco, rather than Testco Tank. Thereafter, on or about September 6, 1991, Testco filed a mechanic's lien against the property for the same amount and covering the same items as the lien previously filed by Testco Tank. No attempt was made to foreclose upon Testco's lien, however, and in October 1992 the Onoratis moved, by order to show cause, to cancel this second lien on the ground that it had expired by operation of law (see, Lien Law § 17). This motion was granted. Because Testco advances no argument with respect to why this determination should be overturned, we consider its appeal therefrom abandoned (see, *First Natl. Bank v Mountain Food Enters.*, 159 AD2d 900, 901).

Also in October 1992, the Onoratis moved for summary judgment dismissing the complaint filed by Testco Tank and discharging all liens against the property. Testco Tank cross-moved for an order amending its April 1991 mechanic's lien, nunc pro tunc, to include Testco as an additional lienor, and also for permission to add Testco as a party plaintiff in its action against the Onoratis. Supreme Court denied the Onoratis' motion and granted the cross motion to the extent of allowing Testco to be joined as a plaintiff in the pending action; amendment of the lien was not permitted, and Testco and Testco Tank appeal from this portion of the order.*

Testco Tank's contentions notwithstanding, Supreme Court was correct in refusing to order amendment of the lien. This is not an instance where a party has simply been misnamed in the original lien. What is being sought is the addition of Testco, a separate lienor, to Testco Tank's lien, thereby creating a lien in Testco's favor where none currently exists (cf., *Matter of Perrin v Stempinski Realty Corp.*, 15 AD2d 48, 49,

---

* The Onoratis also filed a notice of appeal from so much of Supreme Court's order as denied their motion for summary judgment and permitted Testco to be joined as a party. They have, however, expressly abandoned the appeal in their brief.

*appeal dismissed* 11 NY2d 931; *Matter of Frank Teicher, Inc. v Gold,* 239 App Div 285, 287-288; 76 NY Jur 2d, Mechanics' Liens, § 91, at 493). Notably, no claim is made that Testco and Testco Tank were not separate and distinct legal entities, or that Testco was simply operating under the name "Testco Tank and Pump, Inc." *(see, Matter of Corina Assocs. v McManus, Longe, Brockwehl,* 39 AD2d 613, 614; *cf., Matter of Kleet Lbr. Co. [DMC Mgt.],* 197 AD2d 576, 576-577).

Moreover, inasmuch as the lien filed on Testco's behalf, of which all the parties were apprised, was nevertheless allowed to expire, it cannot fairly be argued that the amendment should be granted for equitable reasons; given these circumstances, Supreme Court cannot be faulted for refusing to exercise its discretion to permit of an amendment "[i]n a proper case" (Lien Law § 12-a [2]).

Mikoll, J. P., Mercure and Peters, JJ., concur. Ordered that the orders are affirmed, with costs.