OPINION OF THE COURT
Emily Jane Goodman, J.
Petitioner moves pursuant to Lien Law § 19 (6) for an order summarily discharging six notices of mechanic’s lien filed by *462 respondent, for failure to comply with Lien Law § 9. Petitioner alleges that all six notices (a) fail to name the partners of the lienor, (b) fail to state the lienor’s business address, and (c) fail to state the lienor’s principal place of business. Petitioner additionally contends that one of the six notices was not filed timely pursuant to Lien Law § 10. Respondent opposes this motion, arguing that it has substantially complied with Lien Law § 9. Respondent also argues that, at most, it should be required to amend the notices of lien pursuant to Lien Law § 12-a.
Discussion
All six notices of lien should be discharged for failure to comply with Lien Law § 9. The notices list the lienor’s address as “P.O. Box 758, Wareham, Massachusetts 02571” and are verified by James A. Bunker, as “a partner” but omit the other partners’ names. Lien Law § 9 (1) provides that the notice of lien shall state “[t]he name and residence of the lienor; and if the lienor is a partnership or a corporation, the business address of such firm, or corporation, the names of partners and principal place of business, and if a foreign corporation, its principal place of business within the state” (see Lien Law § 9 [1]). A valid lien is created by filing a notice which substantially complies with Lien Law § 9, but the failure to comply with a material requirement of that section voids the lien (see Matter of Corina Assoc. v McManus, Longe, Brockwehl, 39 AD2d 613 [3d Dept 1972]).
Respondent has cited no cases, and the court has found none, which permit a lienor to use a post-office box in lieu of a business address pursuant to Lien Law § 9. However, in other contexts, a post-office box has been held not to constitute a business or residence address for purposes of compliance with the Administrative Code (see Goldstein v Perez, 133 Misc 2d 303 [Civ Ct, Kings County 1986]) and not to constitute a residence address for purposes of compliance with the Election Law (see Matter of Hess v Di Pronio, 96 AD2d 1134 [4th Dept 1983]). The court finds the reasoning of Goldstein persuasive. In Goldstein, the court declined to sign eviction warrants on default because the managing agent’s address, a post-office box, failed to comply with an Administrative Code requirement that the agent register his or her residence or business address (Goldstein v Perez, 133 Misc 2d 303 [1986], supra). The court observed that a post-office address is not a business or resi *463 deuce address because one does not “live or ordinarily work in a post-office box” (id. at 306). Moreover, the court reasoned that a post-office box was inadequate because a managing agent was required to be available at the registered address for tenants to make complaints and to serve process for code enforcement proceedings (id.).
Similarly, the court finds that a post-office box is simply not the same as, or a substitute for, a business address for purposes of compliance with Lien Law § 9. The main purpose of Lien Law § 9 is to provide notice, which is essential to the security of owners, purchasers and lien creditors (see Waters v Goldberg, 124 App Div 511 [2d Dept 1908]). This purpose would be thwarted if a post-office box could substitute for a business address. Because a lienor cannot be physically located at a post-office box, an owner, purchaser or lien creditor seeking to verify the lien’s validity, or to serve process to vacate the lien, would not be able to do so.
In addition to respondent’s failure to provide a business address, the notices are also defective because they contain multiple defects which, when taken together, cannot be deemed to substantially comply with Lien Law § 9 (see Matter of Diamond Architecturals v EFCO Corp., 179 AD2d 420 [1st Dept 1992]; Empire Pile Driving Corp. v Hylan Sanitary Serv., 32 AD2d 563 [2d Dept 1969]). Although the failure to include the names of all of the partners, by itself, is not a material defect (see Matter of Teitler v McDermott & McDonald, 306 NY 953 [1954]) when combined with the failure to specify the partnership’s business address and principal place of business, the notices are materially defective.
Respondent erroneously contends that, at most, it should be required to amend the notices of lien pursuant to Lien Law § 12-a. Although the court may, in a proper case, make an order amending a notice of lien, nunc pro tunc, respondent has not cross-moved for such relief, nor even substantiated why the court should grant such relief. Moreover, the court may not amend a notice of lien which is jurisdictionally defective (see Tri-State Sol-Aire Corp. v Lakeville Pace Mech., 221 AD2d 519, 522 [2d Dept 1995]).
The cases cited by respondent are inapposite. In Matter of Corina Assoc. v McManus, Longe, Brockwehl (39 AD2d 613 [1972], supra) the Court upheld the Special Term’s decision to grant a motion to amend a notice of mechanic’s lien because the mistake was a misdescription, not a jurisdictional defect. In that case, the lienor sought to change the lienor’s name in *464 the notice from Corina Construction Company to Corina Associates, Inc. (id.). The lienor had operated publically under the name of Corina Construction Company for many years, had executed the contract upon which the dispute arose under that name, and had used that name in connection with litigation against the appellants, without objection (id. at 614). The Court found that the notice, which properly described the lienor as a corporation, listed its business address and was verified by Corina Associates’ president, “gave adequate notice of the lienor’s identity to all concerned” (id.). Similarly, in Matter of Murdock v Larchmont Manor (250 App Div 127 [2d Dept 1937]) the Court found that a lien notice which provided a business address, instead of a residence address, substantially complied with the Lien Law. However, unlike these cases, the notices of liens in this proceeding fail to provide the lienor’s business address and therefore fail to give adequate notice. Further, Waters v Goldberg (124 App Div 511 [1908], supra) does not support respondent’s contention that it substantially complied with Lien Law § 9. In that case, the Court concluded that a notice of lien was not defective for failure to state.the copartnership’s name (id.). However, the facts do not indicate that the notice failed to list a business address.
Contrary to petitioner’s contention, the court does not find that the notice of lien, filed on August 8, 2002, relating to the property at 60 Hudson Street, was untimely filed. A notice of lien must be filed “within eight months after the completion of the contract, or final performance of the work, or the final furnishing of materials” (Lien Law § 10 [1]). However, “[w]hen any period of time, computed from a certain day, within which or after which or before which an act is authorized or required to be done, ends on a Saturday, Sunday or a public holiday, such act may be done on the next succeeding business day” (General Construction Law § 25-a [1]). The notice indicates that the last item of work was performed on August 6, 2001. Because the eight-month time period for filing a lien ended on a Saturday, the period for filing was extended to April 8, 2002, the next business day.
Accordingly, it is hereby ordered and adjudged that the notices of lien against real property owners Hudson Telegraph Associates, 25 Broadway Realty LLC, 75 Broad LLC c/o JEM, CB Land Associates, TST 375 Hudson, LLC and 195 Property Associates, LLC are hereby discharged for failure to comply with Lien Law § 9 in accordance with the orders signed simultaneously herewith.