Filed Jan. 3, 1894.

———————◆———————

No. 1,034.

## Cleland v. Applegate.

EVIDENCE.—*Account Books.—When Admissible.*—Where the transactions of a partnership with another firm became relevant to the issues of an action, the books of the firm with which such dealings were had, containing an account of the transactions, are admissible in evidence, the accurateness of the entries not being questioned, the entries having been made by a disinterested person.

ASSIGNMENT OF ERRORS. —*Assignment, Insufficiency of.—Evidence.*—Where an assignment of error is that "the court erred in refusing to allow the plaintiff * * to testify as to matters that occurred prior to the death of Nathan Gray," the assignment is not well made, and is insufficient, where the record shows that plaintiff was permitted to testify to many such matters.

From the Noble Circuit Court.

*T. M. Eells,* for appellant.

*L. H. Wrigley,* for appellee.

REINHARD, J.—This is an action on a promissory note executed to the appellant by one Nathan Gray, as principal, and by the appellee as surety.

There was a trial by jury, and a verdict and judgment for the appellee.

The overruling of a motion for a new trial is the only error assigned by the appellant.

It is insisted that the evidence does not sustain the verdict. One of the answers was that the note was executed without any consideration. The evidence tends to show that the note was given in partial settlement of a partnership transaction between Gray and the appellant. It also tends to establish the fact that the partnership continued to run after the execution of the note, and that no final settlement of the same has ever been effected.

It is admitted inferentially, by appellant's counsel, that if the evidence tends to prove these facts the plea of no consideration is established.

The only contention of appellant's counsel, upon this point, is upon the sufficiency of the evidence, and no issue is made upon the law touching the same. As indicated, we think the evidence is sufficient to support the theory that the note was given in a partnership transaction, and that no final settlement appears to have been made between the partners, and we need not prolong this opinion by attempting to quote such portions of the evidence as in our view strongly tend to make out this defense.

Upon the trial of the cause, it became material to show whether or not the appellant and Gray had been doing business in partnership about the time the note in suit was given. It was claimed that Gray and Cleland, as such partners, had been transacting business with another firm during the existence of such partnership, and over appellant's objection and exception, the books of the firm with which such dealings were had, and containing the accounts of Gray and Cleland, were admitted in evidence. It is insisted that this was error. It is claimed, in argument, that the testimony of the person who made the entries was the best evidence of the facts

contained therein, and that such entries are but secondary evidence.

The bookkeeper who made the entries testified to the occurrences generally, as disclosed therein, but stated that the particulars and dates of the transactions had escaped his recollection. Gray, one of the alleged partners, was dead, and the only remaining witness familiar with the entire circumstances was the appellant. The entries were made by a disinterested person, and in the usual course of business. There was nothing to show that they were in any degree inaccurate, and their truthfulness was vouched for by the testimony of the bookkeeper who made them.

We think the entries were competent, and that the court did not err in admitting them. *Culver, Admx.,* v. *Marks,* 122 Ind. 554.

One of the causes assigned in the motion for a new trial is that "the court erred in refusing to allow the plaintiff, Jonathan W. Cleland, to testify as to matters that occurred prior to the death of Nathan Gray."

Appellee's counsel insist that this cause is not well assigned, and in this contention we are disposed to concur. The record discloses that Cleland was permitted to give testimony as to transactions occurring before the death of Gray, but the court refused to allow him to testify in relation to some transactions with Gray himself. Had the court refused to let the appellant testify as to any matters that occurred prior to Gray's death, the assignment would have been sufficient; and in that case it would not have been incumbent upon the appellant to show the materiality or relevancy of the proposed testimony. *Sutherland* v. *Hankins,* 56 Ind. 343.

But when, as in the present case, only a portion of the testimony of the witness is excluded, it devolves upon the appellant, in his motion for a new trial, to

point out what particular portion of the testimony was ruled out. *McClain* v. *Jessup*, 76 Ind. 120.

In other words, the motion for a new trial specifies, in effect, that the appellant was prohibited from testifying upon any matters that occurred prior to Gray's death, while the record shows that he was permitted to testify to many such matters.

The cause assigned is, therefore, not made out by the record, and we need not decide whether the ruling was right or wrong.

There is no available error.

Judgment affirmed.

Filed Jan. 3, 1894.