Duckwall *v.* Jones.

---

DUCKWALL ET AL. *v.* JONES ET AL.

[No. 19,164. Filed Dec. 20, 1900. Rehearing denied June 28, 1901.]

PLEADING.—*Contracts.*—*Partnership.*—A complaint by a partnership to foreclose a mechanic's lien, alleging that one of the partners on behalf of the firm entered into a parol contract for the performance of the work is sufficient to show that the contract was made by the firm. *pp. 684, 685.*

Duckwall *v.* Jones.

MECHANICS' LIENS.—*Demand.*—No demand is necessary before suit to enforce a mechanic's lien. *p. 685.*

SAME.—*Notice.*—*Partnership.*—In an action by a firm to enforce a mechanic's lien, it is not necessary to show that the notice of the lien stated that plaintiffs were copartners, nor that the lien was signed by the firm name. *p. 685.*

NEW TRIAL.—*Appeal and Error.*—*Overruling Motion to Tax Costs.*—The refusal of the court to tax costs against plaintiff is not a cause for a new trial. *p. 685.*

SAME.—*Appeal and Error.*—*Overruling Motion to Modify Judgment.* —Overruling a motion to modify a judgment is not a cause for a new trial. *p. 685.*

MECHANICS' LIENS. — *Attorneys' Fees.* — *Constitutional Law.* — The statute authorizing the allowance of attorneys' fees in favor of plaintiff's attorney on foreclosure of a mechanic's lien is not class legislation, nor the taking of private property without compensation or due process of law. *pp. 685, 686.*

TENDER.—*Deposit in Court.*—The payment into court of the amount admitted to be due exclusive of costs and attorneys' fees does not constitute a sufficient tender, under §522 Burns 1894. *pp. 686, 687.*

From the Delaware Circuit Court. *Affirmed.*
Transferred from Appellate Court.

*J. F. Duckwall, R. W. McBride, C. S. Denny* and *W. M. Aydelott,* for appellants.

*F. L. Gass,* for appellees.

DOWLING, C. J.—Action on an account for work done and materials furnished in repairing a dwelling-house, and to enforce a mechanic's lien. Trial, and judgment for appellees. Demurrer to complaint and motion to make the same more certain overruled. Answer in four paragraphs, the first being a denial, the second a plea of tender, the third an argumentative denial, and the fourth payment. Reply in denial. The court found that there was due the appellees the sum of $5, that they held a mechanic's lien on the premises described in the complaint as security for the payment of their claim, and that $15 should be allowed them on account of their attorney's fees. Judgment for $20 and costs, and for the enforcement of the appellees' lien by the sale of the real estate described in the complaint. Motions to tax the costs to the appellees, and to modify the judgment, over-

ruled. Motion for a new trial, for the reason that the find-ing was not sustained by sufficient evidence, and was con-trary to law, and for the additional reasons that the court had overruled appellants' motion to modify the judgment, and to tax the costs of the action against the appellees. Mo-tion for a new trial overruled.

Fifteen errors are assigned, but only five of them properly present any question for review. These are: (1) The refusal of the court to require the appellees to make their complaint more certain; (2) the overruling of the demurrer to the complaint; (3) the refusal of the court to grant ap-pellants a new trial; (4) the overruling of appellants' mo-tion to tax costs against appellees; (5) the refusal of the court to modify the judgment. The specific amounts to be paid for the several items of work and materials were stated with unnecessary particularity, and a minute bill of the par-ticulars of the extra work was filed with the complaint. There was no want of certainty in its averments.

The first objection taken to this pleading by way of de-murrer is that it does not aver that the contract was entered into by the firm composed of the appellants, but that it appears that the agreement was made by one of the members of the firm only. The allegation is "That, heretofore, on the 10th day of April, 1897, the plaintiffs were, ever since have been, and still are, copartners doing a carpentering and con-tracting business under the firm name and style of Jones & Byram. * * * That, on or about the 10th day of April, 1897, the plaintiff, Jacob R. Jones, for and on behalf of the firm and copartnership of Jones & Byram, entered into a parol contract with the codefendant, Joseph F. Duck-wall," etc. These allegations are equivalent to a direct averment that the appellees, as copartners, entered into an agreement with the appellant, Joseph F. Duckwall. In answer to the other objections to the complaint, it may be said, in general terms, that it sufficiently showed the exist-ence of the copartnership at the time the contract was made;

that the law implied that the work was to be done in a reasonably skilful manner; that it was to be completed within a reasonable time; and that it was to be paid for when completed. No demand before suit was required. It was not necessary that the notice of lien should state that the appellees were copartners, or that it should be signed with the firm name. It was executed in the names of both the appellees, and declared that *"we* intend to hold a lien,   *   *   * for work and labor done by *us."* The notice imported a joint claim, and no one could be misled by it. The demurrer to the complaint was properly overruled.

A new trial was asked for on the ground that the finding was not sustained by sufficient evidence, and that it was contrary to law. The evidence is not in the record, and we cannot, therefore, determine the question of its sufficiency. We find nothing to support the objection that the finding of the court was contrary to law. The other grounds of the motion, to wit, the refusal of the court to tax the costs against the appellees, and the overruling of the motion to modify the judgment, are not causes for a new trial. §568 Burns 1894.

The authority of the court to include the fees of the attorneys for the appellees in the finding is called in question, and the constitutionality of the section of the statute under which this allowance was made, is assailed on the ground that the provision is in the nature of class legislation, and that it authorizes the taking of private property without compensation, or due process of law. We are not prepared to adopt this view. While the decisions as to the validity of such legislation are conflicting, we think that the decided weight of reason and authority sustains such enactments. The attorney's fees necessarily incurred in enforcing the lien may well be allowed as a part of the claimant's damages. In *Burlington, etc., R. Co.* v. *Dey,* 82 Iowa 312, 48 N. W. 98, 31 Am. St. 477, 12 L. R. A. 436, it is said: "It is insisted that a privilege is here granted to a suitor which

is withheld from other citizens. All citizens, having litigation of the character indicated, have equal rights to recover attorney's fees. The legislature may prescribe rules permitting recovery of double damages, or attorney's fees, in one class of cases, and deny it in all others. There is no inequality therein forbidden by the constitution and laws." With equal reason, the objection might be extended to the lien itself. *Hancock* v. *Yaden*, 121 Ind. 366, 16 Am. St. 396, 6 L. R. A. 576; *Dell* v. *Marvin*, 41 Fla. 221, 45 L. R. A. 201; *Vogel* v. *Pekoc*, 157 Ill. 339, 42 N. E. 386, 30 L. R. A. 491; *Gulf, etc., R. Co.* v. *Ellis*, 165 U. S. 150, 17 Sup. Ct. 255, 41 L. Ed. 666; *Missouri, etc., R. Co.* v. *Mackey*, 127 U. S. 205, 8 Sup. Ct. 1161, 32 L. Ed. 107.

The ground of the motion to tax costs against the appellees was that, previous to the commencement of the suit, appellants tendered to them the sum of $5, the amount which the court afterwards found due for the labor performed and materials furnished, which tender was kept good by proper plea and payment of the money into court. Whether or not a tender was in fact made could be shown only by the evidence in the cause, which is not before us. A paper called a bill of exceptions is found in the record, but it contains only the testimony of one witness, and entirely fails to show that the testimony so set out was all the evidence given in the cause even upon the subject of the supposed tender. There may have been other testimony contradicting the evidence set out in this bill of exceptions, and such, we must presume, was the case.

Appellants also moved for a modification of the judgment, because the court failed to deduct the $5 paid in, with the plea of tender, from the amount found due, and because the judgment does not show that anything was due the appellees for work done and materials furnished under their contract.

The payment into court of the said sum of $5 after the commencement of the action, being merely the amount ad-

mitted to be due on the contract, exclusive of attorney's fees and costs, did not constitute a sufficient tender. §522 Burns 1894. The money so paid in belonged to appellants, and the appellees could not be charged with it. *Sowle* v. *Holdridge,* 25 Ind. 119. In making its finding, and rendering the judgment thereon, the court properly disregarded the fact of the payment of the $5 into the hands of the clerk.

As the finding showed the amount due to the appellees for the work and materials furnished under the contract, a repetition of the statement that the sum for which the judgment was rendered was the amount due for such work and materials was unnecessary.

The question of supposed variance between the description of the real estate as set out in the complaint and notice, and that contained in the judgment, is not before this court. No motion to modify the judgment in this respect was presented to the court below, and the question can not be presented here as an independent assignment of error. We find no error. Judgment affirmed.