INDIANAPOLIS & EASTERN RAILWAY COMPANY
v. BENNETT.

[No. 5,875.   Filed November 27, 1906.]

1. TRIAL.—*Instructions.*—*Enumeration of Facts.*—*Omissions.*—*Supply of, in Others.*—Giving an instruction which enumerates certain facts shown in a case favorable to plaintiff and omits others favorable to defendant is not erroneous, as prejudicial or as an invasion of the province of the jury, where the instruction admonishes the jury that from these facts and all others given in evidence they should determine the question involved.   p. 142.

2. SAME.—*Instructions.*—*How Considered.*—Where the instructions taken as a whole fairly submit the case to the jury, the fact that some instruction may not be technically accurate will not cause a reversal.   p. 143.

3. SAME.—*Instructions.*—*Weight of Testimony.*—It is not error to refuse an instruction that all other things being equal, the testimony of the greater number of witnesses would constitute the preponderance of evidence on a proposition, since its tendency would be to make a false test of the weight of evidence. p. 143.

4. EVIDENCE.—*Cause of Sleeplessness.*—*Physicians.*—*Opinions.*—An attending physician who has testified in a personal injury case to the facts of plaintiff's condition may give his opinion as to the cause of plaintiff's sleeplessness and nervousness. p. 144.

5. DAMAGES.—*Nurse Hire.*—*Negligence.*—*Interurban Railroads.*—*Husband and Wife.*—The husband, in an action against an interurban railroad company for injuries from negligence, has a right to recover reasonable nurse hire, though his wife nursed him and he neither paid nor was liable to pay for such service.   p. 145.

6. EVIDENCE.—*Leading Questions.*—*Operating Interurban Car.*—The question: "Did you notice the motorman have hold of that brass handle and operate it in any way on that occasion just previous to the accident?" asked on re-direct examination, is objectionable as leading and suggestive.   p. 145.

7. SAME.—*Leading Questions.*—*Discretion of Court.*—The right to permit leading questions to be asked is largely discretionary with the trial court.   p. 146.

From Clinton Circuit Court; *Joseph Claybaugh*, Judge.

Action by Sanford Bennett against the Indianapolis & Eastern Railway Company. From a judgment on a verdict for plaintiff for $1,500, defendant appeals. *Affirmed.*

*H. C. Sheridan, Jonas P. Walker* and *Elmer J. Binford*, for appellant.

*Doan & Orbison, A. J. Shelby* and *W. A. Staley*, for appellee.

ROBINSON, J.—Appellee sues to recover damages for injuries sustained through appellant's alleged negligence. Appellee, as a passenger, had entered a car of the Indianapolis Traction & Terminal Company, at a regular stopping place, and while the car was stopped, and he was in the act of taking his seat. A car of appellant's, coming on the same track from the rear, struck the traction car, throwing appellee against the side of the car, causing the injuries complained of. The jury returned a verdict in appellee's favor, and from a judgment thereon this appeal is taken. Denying appellant a new trial is assigned as error.

Appellant insists that the eleventh instruction is erroneous because it singles out and gives prominence to certain facts favorable to appellee, to the exclusion of other facts favorable to appellant, and that it invades the province of the jury. The instruction is quite long and enumerates certain facts and circumstances which the jury may consider. But it does not undertake to tell the jury that if such facts are shown to exist by a preponderance of the evidence, they should return a certain verdict. It closes with the clause, "and from all these facts and together with all the evidence and circumstances given in evidence in this cause you shall determine whether the defendant was or was not negligent as charged in plaintiff's complaint."

Appellant requested seventeen instructions, all of which were given, except the first and second, which were peremptory instructions to find for appellant, and the sixth, relating to the preponderance of evidence. In the instructions thus given at appellant's request, the case was submitted to the jury as favorably to appellant as could be asked. When these instructions are considered in connection with the large number of other instructions given, and to which no objection is made, it cannot be said that the jury were not fully instructed upon the law of the case. The facts which appellant claims were omitted from the eleventh instruction are found in other instructions that were given. "If instructions given to the jury," said the court in *Blanchard* v. *Jones* (1885), 101 Ind. 542, "taken as a whole, express the law applicable to the case, without material contradiction, the judgment will not be reversed because some one instruction, if considered by itself, might be capable of an application which would ignore a material question involved in the issues." See *Cromer* v. *State* (1899), 21 Ind. App. 502; *Bowman* v. *Bowman* (1899), 153 Ind. 498.

It is also argued that the court erred in refusing to give the following instruction: "6. Where witnesses of equal candor, fairness and intelligence testify with equal knowledge, opportunity of knowledge and memory, and their testimony is in all respects of equal weight and credibility, and there is nevertheless a conflict which you cannot reconcile, then numbers of witnesses would constitute a preponderance, and your verdict should be according to and in harmony with the testimony of the greater number of witnesses." Appellant's brief says: "This instruction correctly states the law, as it tells the jury that, all other things being equal, the greater number of witnesses would carry the greater weight." But we do not understand that the instruction says that. *Renard* v. *Grande* (1902), 29 Ind. App. 579. Conceding, without

deciding, that the element, "all other things being equal," would make the instruction good, it is clear that without that element it is erroneous. The jury must not only pass upon the weight of the evidence but also upon the credibility of the witnesses. The instruction takes from the consideration of the jury all corroborating circumstances which if considered by the jury might convince them of the truthfulness of the testimony of one witness and of the falsity of another, although the two witnesses might be of equal candor, fairness and intelligence. The jury must determine not only the credibility of each witness, but also the weight that shall be given to the testimony of each witness. The instruction as requested, tended to give the jury to understand that the preponderance of evidence is to be determined by the number of witnesses testifying on each side. See *Howlett* v. *Dilts* (1892), 4 Ind. App. 23; *Fritzinger* v. *State, ex rel.* (1903), 31 Ind. App. 350; *Bierbach* v. *Goodyear Rubber Co.* (1882), 54 Wis. 208, 11 N. W. 514, 41 Am. Rep. 19; *Amis* v. *Cameron* (1875), 55 Ga. 449.

Objection is made to the following question propounded by appellee to a physician: "And from what you know of the case what, in your opinion, was the producing cause of the sleeplessness and nervousness?" The witness answered: "As I say, he complained of pain, and that would be one thing that would keep him awake, and at the time he had the fever—fever is not conducive to sleep—that would make him wakeful, and, in my opinion, from the history he gave of the trouble himself, and from observing him, I believed there was a neurotic condition there, and that is what caused the sleeplessness." The witness had attended and treated appellee immediately after the injuries were received, and for some time after that. He was shown to be competent to testify as to the matter inquired about, and had testified as to the condition in which he found appellee at several visits he had

made. He was shown to be competent to testify as a medical expert, and could properly testify as to what in his opinion produced the symptoms he saw in appellee's case. See *Louisville, etc., R. Co.* v. *Wood* (1888), 113 Ind. 544; *Louisville, etc., R. Co.* v. *Falvey* (1886), 104 Ind. 409; *Wabash R. Co.* v. *Savage* (1887), 110 Ind. 156; *Pennsylvania Co.* v. *Frund* (1892), 4 Ind. App. 469; *Louisville, etc., R. Co.* v. *Lucas* (1889), 119 Ind. 583, 6 L. R. A. 193.

Objection is made to a question asked a physician as to the value of nurse hire where appellee lived, on the ground that the evidence shows that appellee was nursed 5. during his sickness by his wife, who could not recover for such services. In *Brosnan* v. *Sweetser* (1891), 127 Ind. 1, objection was made to a similar question, where a brother and sister had nursed the injured person. The court stated that their attention had not been called to any evidence showing such a state of facts as would even preclude the nurses from recovering the value of their services from the party injured. "But," said the court, "if such facts did exist, and the question was properly presented, the evidence was competent. One element of damages is the reasonable value of properly nursing and caring for the injured person. If this be done by some good friend or member of the family, who donated his services, that is the good fortune of the appellee, and a matter with which the persons liable have no concern." See *Pennsylvania Co.* v. *Marion* (1885), 104 Ind. 239; *Ohio, etc., R. Co.* v. *Dickerson* (1877), 59 Ind. 317.

In the redirect examination of one of appellant's witnesses he was asked: "Did you notice the motorman have hold of that brass handle and operate it in any way 6. on that occasion just previous to the accident?" An objection to the question as leading and suggestive was sustained. The ruling was right. It is clearly leading, and suggests to the witness that the motorman did have

hold of the handle, and that he was operating it.   The permission to propound leading questions is much in the discretion of the trial court.   In view of the testimony 7. of the same witness on direct examination it cannot be said that the action of the court deprived appellant of any competent testimony.   See 2 Elliott, Evidence, §842, *et seq.; Shockey* v. *Mills* (1880), 71 Ind. 288, 36 Am. Rep. 196.

Judgment affirmed.