## OVERBAY ET AL. v. FISHER.

[No. 9,228.   Filed March 9, 1917.]

1. . APPEAL. — *Questions Reviewable.* — *Record.* — *Sufficiency.* — Where a motion to "modify its findings and judgment and decree" was made in the trial court, errors assigned and relied on for reversal in overruling "the motion of appellants to modify the decree and judgment, and the separate and several motions of each of the appellants to modify the decree and judgment" present no question for review, since they are not supported by the record.  p. 48.

2. JUDGMENT.—*Motion to Modify.*—A motion to modify the findings and judgment and decree, being dual in form, was properly overruled, if either of the requests should have been denied.  p. 48.

3. TRIAL.—*Special Findings in Absence of Request.*—*Construction.*—The findings of the court must be construed as a general finding, in the absence of a request for a special finding.  p. 48.

4. TRIAL.—*General Findings.* — *Modification.* — *Motion for New Trial.*—Where the finding of the court was general, and not special, defendant's remedy, if any, was by a motion for a new trial and not by motion to modify.  p. 48.

5. NEW TRIAL.—*Grounds.*—*Ruling on Motion to Modify Judgment.*—The overruling of a motion to modify a judgment is not a cause for a new trial.  p. 49.

6. APPEAL.—*Finding.*—*Weighing Evidence.*—The court on appeal will not weigh the evidence to determine its sufficiency to sustain the findings of the trial court.  p. 49.

From Daviess Circuit Court; *James W. Ogdon*, Judge.

Action by Felda A. Fisher against Robert E. Overbay and others.   From a judgment for plaintiff, the defendants appeal.   *Affirmed.*

*John L. Sumner* and *Gardiner, Tharp & Gardiner,* for appellants.

*H. W. Carpenter* and *F. E. Ely,* for appellee.

IBACH, P. J.—This is an action by appellee against appellants to rescind an executed contract for the exchange of certain lands upon the ground of fraud. The complaint is in one paragraph; the answer is a general denial. Trial was had by the court and a general finding was made for appellee.

The court finds "that in making the trade and exchange of the plaintiff's real estate in Pike county, * * * (setting out description) containing 55 acres for the real estate of the defendant, Robert E. Overbay, in Martin county * * * (setting out description), containing 75 acres, more or less, the defendant Grant Lemmon was duly authorized and empowered by the defendant Robert E. Overbay to act for and as his agent in carrying on the negotiations for and in consummating the trade and exchange of the plaintiff's said real estate in Pike county, Indiana, for the real estate of the defendant Robert E. Overbay, in Martin county, Indiana, including the execution of the deeds in making said trade and exchange and the execution of a note by the plaintiff and her husband, Charles Fisher, to the defendant, Robert E. Overbay, for the payment of $2,000, and the execution of a mortgage by the plaintiff and her said husband on said real estate in Martin county, Indiana, to secure the payment of said note. * * * That the defendant Grant Lemmon, while acting for and as agent of the defendant, Robert E. Overbay, in carrying on said negotiations and securing the consummation of the trade and exchange of said real estate in Martin county, Indiana, for said real estate in Pike county, Indiana, the execution of deeds to effect said trade and exchange, and the execution of said note and

mortgage, was guilty of the perpetration of a fraud
upon the plaintiff by making false and fraudulent repre-
sentations as to the character and value of said real
estate in Martin county, Indiana, and    *    *    *    that
solely by reason of said false and fraudulent representa-
tions, the plaintiff and her said husband, while relying
upon said representations, as being true and having no
knowledge or information to the contrary, were induced
thereby to and did execute a deed to the defendant
Robert E. Overbay for the plaintiff's said real estate
in Pike county, Indiana, and the said note for $2,000
and the said mortgage to secure the payment of the
same, as above found.    *    *    *    That the said real
estate in Pike county, Indiana, was on the 20th day of
November, 1913, of the value of $1,500, and that at
the same time the said real estate in Martin county,
Indiana, was of the value of $2,000.    *    *    *    That
said deed, note and mortgage executed by the plaintiff
and her husband to the defendant, Robert E. Overbay,
as above found, are invalid and wholly void and ought
to be set aside cancelled and held for naught.    *    *    *
That in making said trade and exchange, the defendant,
Robert E. Overbay, as a part of the consideration for
said trade and exchange, paid to the plaintiff the sum
of $50.    *    *    *    That before the commencement of
said suit, the plaintiff duly tendered to the defendant
Robert E. Overbay the sum of fifty dollars in United
States gold coin and a deed duly signed and acknowl-
edged by the plaintiff and her husband for the recon-
veyance of said Martin county real estate to him, and
demanded of said Robert E. Overbay a reconveyance of
the said Pike county real estate to the plaintiff, and that
the defendant, Robert E. Overbay refused to accept said
fifty dollars and deed so tendered, and refused to recon-
vey to the plaintiff said real estate in Pike county, In-
diana." The court further finds that appellee kept her

tender good and that she was damaged more than $1,000 on account of the fraud perpetrated against her.

The judgment of the court is, in substance, that the deed for the Pike county farm, the note and the mortgage on the Martin county farm to secure it, be set aside, cancelled and held for naught; that the clerk deliver the $50 to defendant Robert E. Overbay; that plaintiff take nothing by way of damages; that a commissioner appointed by the court execute a good and sufficient deed for the Pike county farm to plaintiff; and that plaintiff recover her costs.

Appellants filed a motion to modify the judgment, which motion reads as follows: "The defendants * * * jointly and separately and severally moves the court to modify its findings and judgment and decree therein in the following particulars, to wit: To find that the defendant lent and furnished the plaintiff $200 in the matter and negotiations of the trade and exchange of the land of plaintiff in Pike county for the lands of said Overbay in Martin county, all as said lands are described in the complaint of plaintiff, and to further find that plaintiff has never at any time tendered or paid to said Overbay said sum of $200 or any part of it but paid the same to defendant Lemmon as commissioners for negotiating said trade and exchange; and to decree that said Overbay is entitled to and ought to be repaid said sum and that plaintiff refund and pay to said Overbay said sum of $200 within such reasonable time, to wit, such time as the court may deem just and reasonable between the parties, and to also adjudge and decree that said sum be declared and decreed to be a paramount lien over the interest of plaintiff in said Pike county land in favor of said Overbay and the same to be paid within such reasonable time as the court may fix and determine and in default of such payment the said Overbay foreclose such lien as mortgage liens are fore-

closed with all such rights and remedies as in such case provided by law. \* \* \*"

The motion was overruled by the court and appellants filed their joint and several motion for new trial, which motion was also overruled.

The errors assigned and relied on for reversal are the overruling of: (1) "appellants' motion for new trial"; (2) "the separate and several motions of the appellants for a new trial"; (3) "the motion of appellants to modify the *decree and judgment*"; and (4) "the separate and several motions of each of the appellants to modify the *decree and judgment.*"

The third and fourth assigned errors present no question for the reason that such assignments are not supported by the record. The motion upon which the court ruled was "to modify its findings and judgment and decree." *Cleland* v. *Applegate* (1894), 8 Ind. App. 499, 35 N. E. 1108; *Evansville, etc., R. Co.* v. *Lavender* (1893), 7 Ind. App. 655, 34 N. E. 109, 847. Ewbank's Manual, §137.

Furthermore appellants' motion to modify is dual in form. It contains a request to modify the findings and a request to modify the judgment and decree. If either of such requests should have been denied the court committed no error in overruling the motion.

There was no request for a special finding in this case; therefore, the findings of the court above set out must be construed as a general finding. *Katterhenry* v. *Arensman* (1915), 183 Ind. 347, 108 N. E. 101; *Hinshaw* v. *Security Trust Co.* (1911), 48 Ind. App. 351, 357, 93 N. E. 567. Appellants' remedy, if any, was by a motion for new trial and not by motion to modify. The request to modify the findings should have been denied.

The motion for new trial is based on two grounds:

"1st.   That the decision of the court is not sustained by sufficient evidence.   2nd.  That the decision of the court is contrary to law.   Error of court and excepted to at time in overruling that motion of defendants to modify the findings and judgment of the court."

The overruling of a motion to modify the judgment is not a cause for a new trial.   *People's Sav., etc., Assn.* v. *Spears* (1888), 115 Ind. 297, 17 N. E. 570;

5.. *Duckwall* v. *Jones* (1901), 156 Ind. 682, 685, 58 N. E. 1055, 60 N. E. 797.

Appellants contend that the evidence does not sustain the decision of the court in that it was not established by the evidence that Lemmon was the agent of

6.  Overbay.   There is some evidence from which the court may have reasonably inferred that Lemmon was acting as appellant Overbay's agent in the transaction.   This court will not weigh the evidence. Judgment affirmed.

NOTE.—Reported in 115 N. E. 366.   See under (2) 28 Cyc 17.