LAKE ERIE AND WESTERN RAILROAD COMPANY *v.* JOHNSON.

[No. 23,587.   Filed January 24, 1922.]

1. NEW TRIAL.—*Motion.*—*Requisites.*—*Statement of Exceptions.* —Although §585, cl. 8, Burns 1914, §559 R. S. 1881, authorizes a new trial for an error of law occurring at the trial only when it has been excepted to by the party making the application, whether or not a proper objection was made and an exception taken is to be determined from what is shown by the record, and not from the recitals in the motion for new trial, and such motion need only point out, with reasonable certainty the ruling of which complaint is made, so that a motion for new trial is not insufficient because of a failure to state that exceptions were taken to each of the rulings of the court specified as error. p. 481.

2. RAILROADS.—*Crossing   Accidents.*—*Negligence.*—*Failure   to Provide Watchman or Safety Gates.*—*Instructions.*—In an action for injuries in a crossing accident, instructions submitting to the jury the question whether defendant railroad was guilty of negligence at the crossing, in which there was no reference to the speed or manner in which the train causing the injury, or other trains, were operated over the crossing, were erroneous. p. 483.

3. RAILROADS.—*Crossing Accidents.*—*Evidence as to Warning Signals at other Crossings.*—*Admissibility.*—In an action for injuries in a railroad crossing accident, evidence that there was no watchman, electric bell, or signal provided, at the crossing to warn travelers on the highway of the approach of trains, was competent on the question whether due care was exercised in the operation of the train causing the injury but it was error to admit evidence of plaintiff showing that automatic signals and bells were used at other highway cróssings. p. 483.

4. DAMAGES.—*Personal Injuries.*—*Measure of Damages.*—*Shortening of Life.*—*Instructions.*—Though a consideration of the nature and extent of personal injuries may lead indirectly to

some consideration of their probable effect, the jury, in an action for personal injuries, should not be instructed to award damages to plaintiff for the years taken off his life by his injury. p. 483.

5. DAMAGES.— *Personal Injuries.*— *Measure of Damages.*— *Recovery for Peril to Life.*—*Instructions.*—In an action to recover for personal injuries sustained by plaintiff in a collision on a highway crossing between an automobile in which he was riding and defendant railroad company's train, where plaintiff did not realize the danger in which he was placed by the approaching train until he recovered consciousness eight weeks later, he was not entitled to an instruction allowing the jury to consider, in assessing the damages, "the danger and peril, if any, that said injuries occasioned to plaintiff's life" at the time of his injury. p. 484.

6. DAMAGES.—*Personal Injuries.*—*Measure of Damages.*—*Recovery for Mental Anglish.*—One suing for personal injuries cannot recover damages for mental anguish consisting of apprehension which he felt, during the period of convalescence, of a fatal termination of his injuries, since pecuniary damages cannot be recovered for mental anguish as the remote consequence of past negligence, where the only basis for assessing damages would be plaintiff's own description of his mental condition, at a time when defendant was doing nothing which infringed his legal rights. p. 484.

7. DAMAGES.—*Personal Injuries.*—*Value of Wife's Care and Nursing.*—*Evidence.*—*Admissibility.*—In an action for personal injuries, there was no error in admitting evidence of the value of services rendered by the injured person's wife in nursing and caring for him while he was disabled as a result of his injury. p. 485.

From Laporte Superior Court; *Harry L. Crumpacker,* Judge.

Action by Clyde F. Johnson against the Lake Erie and Western Railroad Company. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*John B. Cockrum, H. B. Tuthill, A. J. Hickey* and *Norman F. Wolfe,* for appellant.

*Grant Crumpacker, Owen L. Crumpacker, Lemuel Darrow* and *Earl Rowley,* for appellee.

EWBANK, C. J.—The appellee recovered a judgment against the appellant for personal injuries sustained

Lake Erie, etc., R. Co. *v.* Johnson—191 Ind. 479.

when a train on appellant's railroad and an automobile in which appellee was riding collided at a highway crossing just outside the city of Laporte. The first paragraph of the complaint was drawn on the theory that the collision occurred inside the city limits, but the parties agreed in open court that it occurred outside the city, and the verdict and judgment are based upon the second paragraph of the complaint, which alleged that fact.

The only error assigned is overruling the motion for a new trial. The motion specified as errors that the court permitted appellee, when testifying, to answer certain questions to the effect that there was no automatic bell or signal at the crossing where he was injured, but that such signals operated by electricity had been in use on railroads at highway crossings in the country, outside of cities, for fifteen years, and permitted appellee's wife to testify that her services in nursing him were worth $25 per week, and gave each of four instructions, and refused one that was requested; that the damages were excessive; and that the verdict was not sustained by sufficient evidence. The motion for a new trial was overruled and appellant excepted, and has duly presented that ruling for review on appeal.

The appellee challenges the motion for a new trial as failing to present any questions for decision upon the admission of evidence and giving or refusal of

1. instructions, on the ground that the several specifications stating that the court erred in permitting a witness to testify as stated, in answer to certain questions, or that it erred in giving each of certain instructions or in refusing one that was requested, contain no statements that such rulings, respectively, were each excepted to by the appellant. It is true that the

statute authorizes a new trial to· be granted for an "error of law occurring at the trial" only in case it has been "excepted to by the party making the application." §585, cl. 8, Burns 1914, §559 R. S. 1881.

But whether or not a proper objection was made and an exception taken is to be determined from what is shown by the record, and not from the recitals in the motion for a new trial. *Campbell* v. *State* (1897), 148 Ind. 527, 529, 47 N. E. 221;· *Cleveland* v. *Applegate·* (1893), 8 Ind. App. 499, 35 N. E. 1108; *Louisville, etc., R. Co.* v. *Miller* (1895), 141 Ind. 533, 37 N. E. 343; Ewbank's Manual (2d ed.) §50. The motion is only required to point out, with reasonable certainty, the ruling complained of, and this motion was sufficient. *Cleveland, etc., R. Co.* v. *Powers* (1909), 173 Ind. 105, 88 N. E. 1073, 89 N. E. 485.

Instruction No. 3, given by the court, stated that "There are three charges of negligence set forth in plaintiff's complaint; first, that the defendant company negligently approached the highway crossing without ringing a bell or blowing a whistle; second, the defendant company in approaching said highway crossing with said locomotive negligently ran and operated the same at a high and dangerous speed; and third, the defendant company negligently failed and omitted to maintain a watchman or gates or an automatic signal at such crossing for the purpose of warning travelers on the highway of the approach of trains thereto. In order to recover it is not necessary that the plaintiff prove all of the acts of negligence above set forth, but he must prove by a fair preponderance of the evidence * * * at least one of such acts of negligence, and it must appear that such act of negligence was the proximate cause of the accident resulting in plaintiff's injury."

The court also gave another instruction, No. 12, which

directly submitted to the jury for its decision the question whether or not the appellant was guilty of negligence in failing to maintain a watchman or gates at the crossing, in which there was no reference whatever to the speed at which or the manner in which the train that caused the injury or any other train was operated over the crossing. That it was error to give these instructions, and was also error to admit the evidence of plaintiff tending to show that automatic signals and bells were used at other highway crossings, has been decided by this court in a recent case, on the authority of which we so hold. *Terre Haute, etc., Traction Co.* v. *Phillips* (1921), *ante* 374, 132 N. E. 740.

But evidence that there was no watchman nor electric bell or signal at this crossing was competent as bearing on the question whether or not due care was exercised in the operation of the train under all the circumstances.

Appellee's own testimony, which was undisputed on that point, was that he did not see nor hear the locomotive, but that when they were almost upon the track his companion cried out, and that the next he knew was eight weeks later when he "came to" in a hospital. By its instruction No. 15, the court told the jury that in assessing the damages in case they found for appellee, they might take into consideration, among other things, "the danger and peril, if any, that said injuries occasioned to plaintiff's life and the fact, if it be a fact, that the period of his life has been shortened by reason of his said injuries." That the last clause of the sentence quoted is erroneous was heretofore decided by this court in an opinion which we are convinced was correct. It is true that a consideration of the nature and extent of the injuries may lead indirectly to some consideration of their probable effect, but the jury should not be told to award damages to an injured party for the years taken off his own life by his

injury. *Richmond Gas Co.* v. *Baker* (1897), 146 Ind. 600, 45 N. E. 1049.

5. That a person who did not realize the danger in which he was placed until long after the accident was not entitled under the facts of this case to recover for the "peril to his life" at the time of the injury, of which he knew nothing until he recovered consciousness eight weeks later has been decided by this court. *Chicago, etc., R. Co.* v. *Fretz* (1909), 173 Ind. 519, 90 N. E. 76.

6. But, as we understand his argument, the appellee insists that even though the danger of which he was ignorant until long after it was past might not cause him any mental anguish, he was entitled to recover damages on account of the apprehension, if any, which he felt of a fatal termination of his injuries during the period of convalescence, after he regained consciousness at the hospital.

The damages claimed obviously would be damages for mental anguish not accompanied by the present infliction of physical injury. When the appellee lay in his bed at the hospital, weeks after he was injured, and suffered from apprehension that he would not recover (if he did so) his suffering was not in proportion to an injury then being inflicted, but was more probably in proportion to the state of his nerves and the degree of his courage and hopefulness, or of his despondency.

And pecuniary damages cannot be recovered for mental anguish as the remote consequences of past negligence, where the only basis for assessing damages would be the plaintiff's own description of his mental condition, at a time when the defendant was doing nothing which infringed his legal rights. *Western Union Tel. Co.* v. *Ferguson* (1901), 157 Ind. 64, 70, 60 N. E. 674, 60 N. E. 1080.

There was no error in permitting the introduction of

evidence of the value of services rendered by appellee's wife in nursing and caring for him while he was disabled as a result of his injury. *Indianapolis, etc., R. Co.* v. *Bennett* (1906), 39 Ind. App. 141, 145, 79 N. E. 389; *Crouse* v. *Chicago, etc., Co.* (1899), 102 Wis. 196, 78 N. W. 446; *Strand* v. *Garage Co.* (1907), 136 Iowa 68, 113 N. W. 488.

For the reasons stated the judgment is reversed with directions to sustain appellant's motion for a new trial.