Froessel, J. (dissenting).
We are all in agreement that there is ample evidence to support the jury’s finding on the issue of liability, and that the verdict as to plaintiff’s vdfe’s physical damages and the husband’s loss of services Avas not improper. *23 We disagree, however, Avith so much of the majority opinion as sanctions the recovery of $15,000 by plaintiff for “ cancerophobia ’ ’, allegedly flowing from a statement plaintiff claims to have been made by a dermatologist to whom she was sent by her attorney two years after her injury. The statement was to the effect that she should have her shoulder checked every six months because there was a possibility that cancer might develop, Avhich statement he did not acknowledge having made.
Although the courts of other jurisdictions are in disagreement as to the allowance of damages of this nature (Lake Erie & Western R. R. Co. v. Johnson, 191 Ind. 479; St. Louis, Iron Mountain & Southern Ry. Co. v. Buckner, 89 Ark. 58; see case note in 20 L. R. A. [N. S.] 458; 15 Am. Jur., Damages, § 188, pp. 606-607.; 25 C. J. S., Damages, § 70, subd. d, pp. 559-560), this court has never had occasion to pass upon the question. As pointed out by the majority, the applicable rule in this case would appear to be that 11 Liability for damages caused by wrong ceases at a point dictated by public policy or common sense ” (Milks v. McIver, 264 N. Y. 267, 269).
Whatever argument may be made to the contrary, we do not feel, on balance and as a matter of public policy, that damages based upon mental anguish, engendered by a physician’s statement as to a possible development of another ailment, are warranted under such a rule. Physicians commonly inform patients of conceivable complications which may arise from an injury, and we do not believe that so ready a road to the multiplication of damages ensuing from physical injury should be opened to plaintiffs. The unfortunate result of' the rule announced by this decision, albeit disclaimed, is that a doctor’s mere statement as to a possibility is a steppingstone to an increased recovery should the patient simply claim to be concerned enough to suffer worry by reason thereof. In other words, recovery would depend upon the subjective mind of the litigating plaintiff and speculation by the physician, without even the safeguard of an opinion by the latter based on reasonable certainty.
The decision of the majority introduces into the law a new field of damages for cultivation by plaintiffs and affording countless oportunities for fraudulent unverifiable claims. In our opinion, legal responsibility for an injury may not include mental *24 suffering in contemplation of injuries which may never develop out of those already suffered, based upon a doctor’s statement as to mere possible developments.
■ Accordingly, we would modify the judgment appealed from by reducing the amount thereof by the sum of $15,000, and, as so modified, affirm, with costs.
Judges Desmond, Dye and Fuld concur with Chief Judge Conway ; Judge Froessel dissents in part in an opinion for modification in which Judges Van Voorhis and Burke concur.
Judgment affirmed.