Filed March 30, 1888.

---

No. 13,171.

## SUTTON v. BONNETT.

NEGLIGENCE.—*Pointing Pistol at Another.—Accidental Injury.—Liability.*— One who purposely points a pistol at another, is liable for any resulting injury; but where the injury resulting from the discharge of a weapon, not purposely pointed, is purely accidental, there is no liability.

From the Pulaski Circuit Court.

*W. Spangler* and *H. A. Steis,* for appellant.

*N. L. Agnew* and *B. Borders,* for appellee.

ELLIOTT, J.—Two lads, John and Thomas Sutton, were in the fields hunting; the former, who was the elder, had a gun, the latter a large pistol. They were joined by the appellee, a lad about their own age, and through their persuasion he went with them. Thomas gave him the pistol, and he discharged it. John reloaded it, and the lads then walked toward another part of the field, the appellee carrying the pistol. There was no ill-will between the boys, but they were on friendly terms. At the time the pistol was dis-

charged by the appellee the hammer, when placed at full cock, remained in its place. As the boys walked along the appellee cocked the pistol; the hammer did not stand; he then let down the hammer, again cocked the pistol, turned around, took his thumb from the hammer, and as he did so the pistol was discharged. The load struck Thomas Sutton in the face, very severely injuring him. At the time the pistol went off the appellee did not see Thomas, who had changed position.

We have given a synopsis of the evidence adduced on the part of the appellee. This evidence was contradicted in some particulars by that of the appellant, but it is only necessary to mention one of the particulars in which it was contradicted, and that is this: The appellant's evidence tends to prove that the pistol was pointed at Thomas by the appellee.

We have no doubt that if the appellee had purposely pointed the pistol at Thomas he would be liable, even though he did it without any intention to injure him. Our statute makes it an offence to purposely point a pistol at another, and a violation of this statute is an actionable wrong. *Lange* v. *State*, 95 Ind. 114. But where the weapon is accidentally, and not purposely, pointed at another, the statute does not apply.

The first instruction asked by the appellant and refused leaves out the element of purpose, and was properly refused.

We agree with counsel for the appellant that a defendant who negligently shoots another is liable. We can not, however, agree that the jury were not properly instructed on this point; on the contrary, our examination of the instructions has convinced us that if they are subject to criticism at all, it is because they are more favorable to the appellant than the law warrants.

The second and third instructions correctly informed the jury what it was necessary for the appellant to prove in order to entitle him to a recovery upon the first paragraph of his

Sutton *v.* Bonnett.

complaint.   A party can only recover upon the cause of action he pleads.

It was not error for the court to instruct the jury what circumstances they might take into consideration for the purpose of ascertaining the intent which influenced the appellee.

The jury gave credit to the evidence of the appellee, and so must we, for we can not attempt to reconcile the conflict. On that evidence the injury to the appellant was justly held purely accidental.   His misfortune courts may regret, but they can not compel the person who accidentally inflicted it to pay him damages.

We need not decide whether the appellant himself was, or was not, guilty of culpable negligence in placing in the hands of his companion a weapon so much out of repair as to be dangerous, as was the pistol which caused his misfortune.   It is enough to declare that the appellee, at least, was not guilty of culpable negligence.   Nor need we decide what rule should be applied if he had been informed that the hammer of the pistol was liable to fall at any instant.

We have not deemed it necessary to decide whether the instructions are properly in the record, although we incline to agree with appellee's counsel that they are not.

Judgment affirmed.

Filed March 24, 1888.