RENARD ET AL. *v.* GRANDE, JR., ET AL.

[No. 4,168. Filed June 25, 1902. Rehearing denied October 14, 1902.]

HIGHWAYS.—*Lying Wholly in One Township.*—*Establishment.*—*County Commissioners.*—All primary jurisdiction pertaining to the location and establishment of public highways outside of cities and incorporated towns is vested in the board of county commissioners of the respective counties whether the highway is located in one or more townships. *p. 582.*

SAME.—*County Commissioners.*—The judgment of the circuit court establishing a highway will not be reversed because of the refusal of the trial court to dismiss the petition on the affidavit of a remonstrant to the effect that a member of the board of commissioners before whom the proceedings were had owned real estate affected by the highway and unduly influenced the other members of the board, where the record discloses that the member whose land was affected by the proposed highway declined to act in the matter, and withdrew from the board while such question was presented. *p. 583.*

APPEAL AND ERROR.—*Joint Assignment of Error.*—The action of the court in overruling the separate motion of one of the appellants to dismiss is not properly presented on appeal by a joint assignment of error by all of the appellants. *pp. 583, 584.*

SAME.— *Conflicting Evidence.*—A cause will not be reversed on conflicting evidence. *p. 584.*

HIGHWAYS.—*Establishment.*—*Assessment of Damages.*—In determining the question of damages growing out of the location of a public highway, the benefits accruing to real estate affected by establishing and opening the highway may be considered and set off against any damages resulting; and if the benefits equal the damages, there can be no recovery. *p. 584.*

TRIAL.—*Instruction.*—*Evidence Equally Balanced.*—No error was committed in instructing the jury in an action for the establishment of a highway, that if the jury should find the evidence equally balanced upon any question the finding should be against the party having the burden of such issue. *p. 585.*

SAME.—*Instruction.*— *Evidence.*— *Determination of Preponderance.*—The court did not err in giving an instruction that "all other things being exactly equal in all respects, the witnesses being of equal intelligence," etc., the jury might consider certain legitimate matters in determining the weight of the evidence. *p. 586.*

SAME.—*Instruction.*—*Evidence.*—*Credibility.*—It was not error to instruct the jury that, in passing upon the evidence and determining

the credibility of witnesses, they might call to their aid their knowledge of men and their actions, which in their experience they had acquired by mingling with men.  *p. 586.*

From Marion Circuit Court; *H. C. Allen,* Judge.

Proceeding by August Grande, Jr., and others for the establishment of a highway.  From a judgment establishing the highway, John B. Renard and others appeal. *Affirmed.*

*W. W. Spencer, E. P. Ferris,* and *J. M. Winters,* for appellants.

*C. R. Hasley, W. N. Harding, A. R. Hovey* and *C. S. Wiltsie,* for appellees.

WILEY, C. J.—Appellees filed a petition with the auditor of Marion county praying for the location and construction of a public highway.  Appellants, Renard and Renard and Roberson and Roberson, whose lands would be affected by the proposed highway, appeared before the board of commissioners and moved to dismiss the petition upon the ground that the board did not have jurisdiction over the subject-matter, which motion · was overruled. Viewers were appointed, who reported favorably.  Thereupon the same parties who moved to dismiss the petition remonstrated against the proposed highway on the ground that it would not be of public utility.  Reviewers were appointed, who reported that they found that the proposed highway would be of public utility, which report was approved.  Appellant John B. Renard filed in the office of the auditor his remonstrance for damages, which, on motion of appellees, was ordered stricken from the files.  The ground upon which this remonstrance was stricken from the files was that it was filed too late.  Such proceedings were had as that the board of commissioners ordered said proposed highway laid out and constructed.  From this final order the two Renards and the two Robersons appealed to the circuit court.  On appeal to the circuit court, appellant

Renard *v.* Grande.

John B. Renard filed a written motion to dismiss the petition on the ground that he did not have a fair and impartial trial of the cause before the board of commissioners, by reason of the fact that one Henry L. Harding was a member of the board, and owned land that was affected by the location of the proposed highway. This motion was overruled. John B. Renard, for himself and on behalf of appellants William M. Roberson, Ella and Milton Tomlinson, filed a verified motion to dismiss the petition, or to remand the same to the board of commissioners, with instructions to permit said John B. Renard, William M. Roberson, Ella Tomlinson, and Milton Tomlinson to file their respective remonstrances for damages, and this motion was also overruled. Appellants William A. Roberson, John B. Renard, Ella and Milton Tomlinson, asked and were granted leave to file their respective remonstrances for damages. The cause was tried by a jury, resulting in a verdict favorable to the petitioners on their petition, and against the appellants on their remonstrances for damages. Appellants' motion for a new trial was overruled and judgment was rendered in harmony with the verdict. The errors assigned are joint and are as follows: (1) That the court had not jurisdiction of the subject-matter; (2) the court erred in overruling the motion of the remonstrator John B. Renard to dismiss the petition; (3) the court erred in refusing to remand said petition to the board of commissioners for the assessment of damages; (4) the court erred in overruling the motion for a new trial; (5) the court erred in rendering judgment on the verdict against the remonstrators. Waiving any technical objections to the first, second, third, and fifth specifications of the assignment of errors, we will consider the questions discussed by counsel for appellant in the order they are presented. It is first urged that the board of commissioners nor the circuit court had jurisdiction of the subject-matter, for the reason that the highway sought to be located and established will lie

wholly in one township. Counsel say that the petition is
in form to construct a county road, while in substance it is
to construct a township road. Under the statute there is
no support for this proposition. Under the act of August
6, 1859, the board of county commissioners have original
and exclusive jurisdiction over all public highways of the
county that are outside of cities and incorporated towns.
§6742 Burns 1901; *Rassier* v. *Grimmer,* 130 Ind. 219;
*Chicago, etc., R. Co.* v. *Sutton,* 130 Ind. 405; *Gold* v.
*Pittsburgh, etc., R. Co.,* 153 Ind. 232. In the case last
cited the court said: "By §6742 (5015), *supra, et seq.,*
original and exclusive jurisdiction to locate, establish, va-
cate, or change public highways situated outside of the
limits of an incorporated town or city is lodged in the
board of county commissioners. This tribunal, under the
provisions of these statutes, is invested with plenary juris-
diction over the subject-matter in such proceedings."
Under our present statute governing the location, establish-
ment, etc., of public highways outside of incorporated
towns and cities, all primary jurisdiction is in the board
of county commissioners, no difference whether the high-
way is wholly in one or extends into two or more town-
ships. Under a former statute, 1 R. S. 1852, pp. 313,
314, it was provided that where a proposed highway was
in a single township, it could be established by petition to
the township trustee, but that provision was expressly re-
pealed by §2 of the act of 1859. See Acts 1859, pp. 113,
114. Under §19 of the act approved February 15, 1859
(Acts 1859, p. 220, §8080 Burns 1901), township trustees
were expressly divested of any power "to change, vacate,
or open any highway in any township in any county" and
all such power was vested in the board of county commis-
sioners. It follows that all primary jurisdiction pertaining
to the location and establishment of public highways is
vested in the board of county commissioners of the respect-
ive counties. Such highways as are thus established are

public highways, whether they run in one or more townships. There is nothing in the statute or the decided cases since the act of 1859, *supra,* that supports the assumption of the appellants that the highway here in controversy is a township highway. The law does not recognize any such designated thoroughfare. The position of the appellants that the board of commissioners and also the circuit court were without jurisdiction of the subject-matter is without support.

The next question discussed by counsel is the overruling of the motion of appellant John B. Renard to dismiss the petition on the ground that by his affidavit in support of the motion it is shown that he did not have a fair and impartial trial before the board of commissioners. By his affidavit it is shown that Henry L. Harding was a member of the board when these proceedings were pending before it; that he owned real estate that would be affected by the improvement; and that he unduly influenced the other members of the board. This court determines a case upon the record. As the record comes to us it affirmatively appears that all the proceedings before the board of commissioners were heard and determined by John McGregor and James E. Greer, the other two members of the board. The record contains this entry: "And it having appeared before this matter came on for hearing that Henry L. Harding, one of the members of this board, has lands which may be affected by the said proposed new highway, he declined to act in the matter and withdrew from the board while the same was presented," etc. The record therefore shows that Mr. Harding did what it was his duty to do,—declined to participate in the proceedings,—and all orders were made by the remaining members of the board. No facts are stated in the affidavit that can be considered to contradict the record. But aside from this, appellant Renard has not put himself in a position to have the question now under consideration decided. His motion to dismiss was his sep-

arate motion, while the assignment of errors is joint. The assignment of errors is headed as follows: "The appellants * * * state that there is manifest error * * * in these particulars." An assignment of error must assign error which is available in favor of all who join in the assignment. *Leary* v. *Richcreek,* 26 Ind. App. 37; *Green* v. *Heaston,* 154 Ind. 127; *Town of Ladoga* v. *Linn,* 9 Ind. App. 15; *Advance Mfg. Co.* v. *Auch,* 25 Ind. App. 687; *Osborn* v. *State, ex rel.,* 25 Ind. App. 521. The court correctly overruled the motion of appellant Renard to dismiss the petition.

Appellants insist that the motion for a new trial should have been sustained, (1) because the verdict upon the subject of damages "was rendered in utter defiance of the evidence." We have examined the evidence on the question of damages and find it conflicting. It was the province of the jury to determine from the evidence whether or not appellants were entitled to damages on account of the location of the highway, and they resolved the question against them. There is ample evidence in the record to support the conclusion reached, and, under the rule which forbids us to weigh the evidence where it is conflicting, we can not disturb the verdict. Appellants also insist, under their motion for a new trial, (2) that the verdict is contrary to law. Counsel have not furnished us with any argument that convinces us that the verdict is contrary to law. In determining the question of damages growing out of the location of a public highway, the benefits accruing to real estate affected by establishing and opening such highway may be considered, and set off against any damages resulting. If the benefits equal or exceed the damages, there can be no recovery for the latter. *Hagaman* v. *Moore,* 84 Ind. 497; *Sidener* v. *Essex,* 22 Ind. 201; *Forsyth* v. *Wilcox,* 143 Ind. 144; *Burk* v. *Simonson,* 104 Ind. 173, 54 Am. Rep. 304. Under the evidence the jury could, and doubtless did, find that the benefits equaled or exceeded the dam-

ages. On the question as to whether or not the proposed highway could have been opened and laid out on the line as located by the viewers was a question for the jury to determine under the evidence, which was conflicting.

Appellants claim that the trial court erred in admitting, over their objections, certain evidence. The evidence complained of was competent, at least, for the jury to consider in determining the question of public utility, and was therefore admissible. It would unnecessarily lengthen the opinion to set out in substance this evidence, and discuss it in detail, and it could serve no useful purpose. Taking the evidence as a whole it fairly sustains the verdict on every point, and we do not find any reversible error in the admission of any of the evidence of which appellants complain.

In a brief subsequently filed, by leave of the court, after the expiration of the time fixed by rule twenty-one of this court, counsel urge that two instructions given by the court were erroneous. That part of instruction number three, of which complaint is made, is as follows: "If, after considering all the evidence in the case, you shall find that the evidence upon any question is equally balanced, you should answer such question against the party who has the burden of such issues, for in such case there would be no preponderance in favor of such proposition." The rule prevails that a plaintiff must prove the material averments of his complaint by a fair preponderance of the evidence, and the same rule applies to the defendant as to all matters of affirmative defense. It must logically follow that if, upon any material question pleaded, the jury or court should arrive at the conclusion that the evidence is evenly balanced, then the party having the burden of such question must fail, for he has not established it by a preponderance of the evidence. This is what the court told the jury, and it was applicable both to appellants and appellees alike. It was not error so to instruct the jury.

Appellants also insist that it was error for the court to say to the jury in the same instruction that "all other things being exactly equal in all respects, the witnesses being of equal intelligence," etc. It is urged that such condition never did and never will occur. This may be true, but it was not error for the court to say to the jury that if they should find such a condition to exist, they might consider certain legitimate matters in determining the weight of the evidence.

In the latter part of instruction number four the court told the jury that in passing upon the evidence and determining the credibility of witnesses, they might call to their aid their knowledge of men and their actions, which in their experience they had acquired by mingling with men. It is the sole province of the jury to determine the credibility of witnesses. The law recognizes many tests or rules that may be applied. The knowledge and judgment of men which is acquired by association with them in business, socially or otherwise, is an important element which may greatly aid jurors in determining their truthfulness and credibility as witnesses, and the court did not err in so instructing the jury.

We do not find any reversible error. Judgment affirmed.