ACME-EVANS COMPANY *v.* SCHNEPF.

[No. 15,777.  Filed June 29, 1938.]

*Fenton, Steers, Beasley & Klee, Parr, Parr & Parr* and *James C. Jay,* for appellant.

*J. Burdett Little, Harry C. Hendrickson* and *Rogers & Smith,* for appellee.

LAYMON, J.—Appellee instituted this action to re-

cover for the expenses of treatment and the loss of services of his minor son, Lawrence L. Schnepf, resulting from personal injuries sustained by reason of the alleged negligence of appellant in the operation of a motor truck at or near a street intersection in the city of Indianapolis.

The cause was submitted upon appellee's amended complaint consisting of four paragraphs and appellant's answer thereto in general denial. The fifth paragraph of complaint was withdrawn. A trial by the court and jury resulted in a verdict and judgment for appellee in the sum of $5,200. Appellant filed its motion for a new trial, assigning as reasons therefor, that the damages are excessive; error in the giving of each of certain instructions by the court upon its own motion; error in refusing to give certain instructions tendered by appellant; and error in the admission of certain testimony. The motion for a new trial was overruled, and this appeal followed, assigning as error for reversal the overruling of said motion.

The first paragraph of amended complaint alleged in substance: That Shelby street extended north and south in the city of Indianapolis, was paved, and was 40 feet in width; that two parallel street car lines occupied the center of the street, and a 6-foot sidewalk occupied each side of the street; that Shelby street was intersected by Wade street, which extended east therefrom and was 24 feet in width, paved with asphalt and brick, with a 5 foot sidewalk on each side thereof; that at the time of the accident there was a city ordinance in full force and effect which provided that the operator of any motor vehicle yield the right of way to a pedestrian crossing the roadway within the marked or unmarked crosswalk at the end of a block, except crossings where the movement of traffic was controlled by a police officer or traffic signal; that Wade street at its intersection with

Shelby street was at the west end of a block and was crossed by an unmarked crosswalk 10 feet in width, which was the east sidewalk line of Shelby street; that at such place the traffic was not controlled by a police officer or traffic signal; that on December 17, 1931, at 12:10 o'clock p. m., appellee's son was walking south on said crosswalk and had reached a point south of the center of Wade street, when appellant, by its duly authorized agent, negligently and unlawfully operated a motor truck in violation of said ordinance and refused and neglected to yield the right of way to appellee's son, and by the exercise of due care could have seen and did see appellee's son, but, notwithstanding, operated and propelled said truck across the crosswalk and violently struck appellee's son, inflicting serious and permanent injuries, by reason of which appellee has been compelled to and will expend large sums of money in the treatment of such injuries and will suffer damage on account of the impairment to and the loss of the services of said child.

The second paragraph of amended complaint, in addition to the allegations contained in the first paragraph, alleged in substance: That at the time and place the truck was traveling north on Shelby street in a closely built-up and residential section of the city; that the day was clear and the pavement dry, and several school children, of which appellee's son was one, were on the sidewalk on the north side of Wade street approaching the intersection of Wade and Shelby streets; that a large number of motor vehicles were passing north and south on Shelby street; that as appellee's son was walking across Wade street at said intersection, the appellant, by its employee, was operating a motor truck north on Shelby street, and by due care could have seen and did see appellee's son crossing the street, but negligently and unlawfully operated said truck into the intersection

by turning to the right on to Wade street at a greater speed than was reasonable and prudent, having regard to the conditions present, at a speed of 15 or 20 miles per hour, and thereby struck and permanently injured appellee's son.

The third paragraph of amended complaint, after describing the obstructions to the view of the driver of appellant's truck, alleged that the driver of appellant's truck turned on to Wade street without slowing the speed of the motor truck or without giving any signal or warning.

The fourth paragraph of amended complaint charged that appellee's son was walking in a southerly direction across Wade street at and near the intersection of said Shelby street therewith; that the driver of appellant's motor truck, in operating it on to Wade street, by the exercise of reasonable care, could have seen and did see the son so crossing said Wade street, but unlawfully operated the truck in a reckless and dangerous manner and struck and injured said child.

One of the reasons assigned by appellant for a new trial is the refusal of the trial court to give each of its tendered instructions, Nos. 39 and 44, which instructions read as follows:

### No. 39.

"If you find that plaintiff's minor son came in collision with defendant's truck at a point east of the crosswalk and upon the traveled portion of Wade Street; and if you also find that the driver of said truck did not see such child or know of his presence at such point, and by the exercise of ordinary care could not have seen or known of his presence at said point in sufficient time, by the exercise of ordinary care to have avoided the collision, then there was no duty on the part of said driver to slow down and give a signal with bell, horn or other device upon said truck for signalling."

### No. 44.

"If you find that plaintiff's son suddenly and without warning ran from the sidewalk into the traveled portion of Wade Street at a point east of the crosswalk and in front of and into defendant's truck, then you have the right to consider said facts together with all the other evidence in the case in determining whether defendant was negligent; and if so, whether such negligence was the proximate cause of the alleged injuries to plaintiff's son."

Appellant contends that there was evidence submitted to the jury to the effect that appellee's son suddenly left the sidewalk and ran out into the roadway where he came in collision with appellant's truck; that the tendered instructions embodied a theory of defense which should have been submitted to the jury; that the instructions dealt with the question of liability under the circumstances embraced therein; and that the principle therein announced was not covered by any other instruction given.

To sustain the action of the trial court, the appellee asserts that there is no evidence to which the instructions were applicable and that appellant has ▮ failed to point out or refer to any such evidence.

If there is any evidence in the record disclosing that appellee's son suddenly and without warning ran from the sidewalk into the traveled part of Wade street at a time and place where the driver of appellant's truck could not and did not see him, in the exercise of ordinary care, the instructions should have been given. A party litigant, either plaintiff or defendant, is entitled to have the jury instructed upon its theory of the case, if supported by some evidence and within the issues tendered.

The evidence in the record discloses that two school boys who acted as traffic officers at the crossing testified that they preceded appellee's son, Lawrence Schnepf,

to the crossing; that Lawrence had not reached the crossing at the time they were proceeding to it; that they first saw him when he was lying in the street injured. The witness Stanley Kain testified that he attended School No. 34 with the Schnepf boy, and, on the day of the accident was walking on the north sidewalk of Wade street, approaching Shelby street, when Lawrence caught up with him, and they proceeded together to the intersection of Wade and Shelby streets; that as he looked up at an apartment building, Lawrence ran out into the street and the truck hit him. Witness then saw the man in charge of the truck running across the street with Lawrence in his arms. The driver of the truck testified that he first saw the Schnepf boy as he was nearing the front left wheel of the truck and just before he came in contact with it. There was some evidence that another car was approaching Shelby street from the east on Wade street.

Appellant's theory, as disclosed by these instructions tendered, was that appellant's truck driver was proceeding along a public highway in a lawful manner, in the exercise of ordinary and reasonable care for the safety of others, and that the collision was due to the sudden appearance and presence of appellee's son in the roadway, at a time and place not reasonably to have been anticipated and foreseen. We think that there was ample evidence in the record to require the giving of instructions Nos. 39 and 44 tendered by appellant. These instructions were not covered by any other instructions given applicable to the facts and viewed from the standpoint of appellant. Since it was vital to appellant to have these instructions read to the jury, and since appellant seasonably requested that they be given, we are compelled to hold that the refusal to give these instructions constitutes reversible error. *Acme-Evans Co.* v. *Schnepf* (1938),

(214 Ind.), 14 N. E. (2d) 561, and cases therein cited.

Evidence was introduced showing the rendition of services by the wife in nursing appellee's son and also the value of such services. The trial court, upon its own motion, gave instruction No. 25, which informed the jury as to the measure of damages and the amount of recovery. Appellant complains of that part of the instruction which permitted the jury to consider as an element of damages "the reasonable value, if any, of the services of his wife rendered for plaintiff [appellee] in nursing their said son solely and directly as a result of the injuries to said son, if any, proximately and directly caused by the negligence of defendant [appellant] as defined in the other instructions," for the reason that there was no expressed or implied agreement that the husband would pay for services rendered by his wife to members of their family, and that said instruction permitted a recovery for gratuitous services, which was an improper element in the assessment of damages.

In the case of *Brosnan et al.* v. *Sweetser* (1890), 127 Ind. 1, 8, 26 N. E. 555, the Supreme Court of our state said:

"One element of damage is the reasonable value of properly nursing and caring for the injured person. If this be done by some good friend or member of the family, who donated his services, that is the good fortune of the appellee, and a matter with which the persons liable have no concern. If she had paid ten times the true value of such services she could only have recovered what such services were reasonably worth. Her contract or liability has nothing to do with the liability of the appellants. If they are liable for damages on account of the injuries, they are liable for the reasonable value of the necessary services of a nurse, the same as the services of a physician or surgeon. *Pennsylvania Co.* v. *Marion*, 104 Ind. 239; *Summers* v. *Tarney*, 123 Ind. 560."

See also *City of Bedford* v. *Woody* (1899), 23 Ind. App. 401, 55 N. E. 499; *Indianapolis, etc., R. Co.* v. *Bennett* (1906), 39 Ind. App. 141, 79 N. E. 389; *Indianapolis, etc., Transit Co.* v. *Reeder* (1912), 51 Ind. App. 533, 100 N. E. 101.

If appellee is fortunate enough to secure the services of his wife in treating the injuries of their minor son, rather than employing one who is not a member of the family and thus obligating himself to pay for such services, it does not lie in the mouth of the person responsible for the injury to complain.

Many of the cases cited by appellant in support of its criticism of instruction No. 25 deal with the question of liability upon a claim for the recovery of services rendered by one against the person receiving the benefits or his estate. In such cases proof of an expressed or an implied promise to pay is indispensable, whereas in an action to recover damages against a tort-feasor, the contract or liability for the reasonable value of properly nursing and caring for the injured person is a matter of which the tort-feasor has no concern. We do not think that the case of *Buchanan* v. *Morris* (1926), 198 Ind. 79, 151 N. E. 385, cited by appellant, supports appellant's contention. The matter of gratuitous service, whether rendered by a wife or by another, was not an issue in that case. Moreover, the criticism of the instruction advanced by the court was, "The statement is too broad and inclusive."

There are other questions presented in this appeal, but as they are not likely to occur upon a retrial of this cause, we are not disposed to discuss them.

Judgment reversed, with directions to sustain appellant's motion for a new trial.