SCOTT *v.* SISCO.
[No. 18,815. Filed March 13, 1959.]

*Homer Ingram,* of Newport, *Hansford C. Mann* and *Mann, Stohr & Mann,* of Terre Haute, for appellant.

*David E. Rosenfeld* and *Rosenfeld, Wolfe & Allen,* of Terre Haute, for appellee.

COOPER, C. J.—This is an appeal by appellant from the trial court's denial of his motion for a new trial.

Appellee has filed a motion to dismiss this appeal with supporting briefs on the grounds that appellant failed to comply with Rule 2-17(e) of the Rules of the Supreme Court by failing to contain, under the heading of "Argument," a specification of each cause in the motion for a new trial which is intended to be urged. After appellee's motion to dismiss was filed, appellant was granted leave to amend his brief as provided for under Rule 2-20 of the Supreme Court. Appellant, by interlineation, amended his brief by inserting, under the heading of "Argument," the specification of his assignment of error. The other allegations of appellee's motion to dismiss are not

well taken, and, therefore, said motion to dismiss this appeal is denied.

Appellant's motion for a new trial was predicated upon the alleged errors of the trial court in giving to the jury, over the objections of appellant, defendant-appellee's tendered instructions numbered two, three, five, seven, eight, ten, thirteen, nineteen, twenty and thirty-three.

Appellant has failed to discuss instructions five, thirteen, nineteen, twenty and thirty-three in the argument portion of his brief, and, therefore, any error of the court in giving said instructions is waived. Rule 2-17(e) Supreme Court of Indiana.

We are only concerned with the question of whether the trial court, in giving to the jury, said instructions numbered two, three, seven, eight and ten, prejudiced the appellant's substantial rights.

The appellant filed his amended complaint in the Circuit Court of Vermillion County, Indiana, seeking to recover damages for personal injuries arising out of the alleged negligence of the appellee, in the operation of an automobile, at about 6:45 A.M. on March 17, 1952, on a private roadway in the Girdler Corporation parking lot in said county, whereby said appellant was walking across said private roadway in said parking lot, causing appellant personal injuries.

That the specific acts of negligence alleged against appellee were as follows:

B. In failing to sound her horn as a warning to appellant;

C. In failing to apply the brakes of her automobile in sufficient time to avoid striking appellant;

D. In failing to have her automobile under control;

E. In failing to keep a lookout for pedestrians crossing said roadway;

F. In driving her automobile upon said parking lot at a speed of approximately 25 miles per hour, at a time when her vision was obscured by the rising sun.

Appellee filed answer to said complaint wherein she admitted driving the automobile involved in the accident, but denied all other allegations of the complaint. The issues thus joined were submitted to a jury for trial resulting in the jury returning a verdict for the appellee.

Appellant filed his motion for a new trial and from the overruling of said motion, appellant perfected this appeal assigning as error, the trial court's overruling of his motion for a new trial.

The evidence shows that on the 17th day of March, 1952, at approximately 6:45 A.M. the appellee was driving an automobile east on a roadway within a private parking lot at a speed of about ten miles per hour; that the appellant, along with several other men, was on the south side of said roadway and started north across said roadway to go to work; that the point on said roadway where appellant attempted to cross was not a crosswalk, nor was it an intersection; that a man named Jack Flowers started across ahead of appellant and Bob Pugh followed, and they were walking in single file. When appellant reached a point on said roadway about in the center, he was struck by the automobile driven by appellee. Appellant, before he started to cross said roadway, looked both east and west and failed to see appellee's automobile until it was within five or six feet from the place of impact; that appellant started to cross said roadway when appellee's automobile was less than fifteen feet from the point of impact. This was established by the testimony

of Hubert Harney, a witness called by appellant, who was employed as a patrolman at said parking lot at the time of the accident, who testified, in substance, that he was looking west and saw appellee's automobile going east on said roadway at about ten miles per hour; that appellee was shielding her eyes with her hand; that he saw appellee's automobile about fifteen feet from the point of where the accident happened, and that there were no pedestrians on said roadway in front of appellee's automobile, but he did see some men on the south side of the roadway, but never saw them on the roadway before the accident.

There was some evidence that appellee, as she was driving her automobile east on the roadway was blinded by the sun, and, as her vision was obscured, she failed to see appellant until it was too late to stop. The appellee admitted that the sun did have a tendency to obscure her vision, but to obviate the glare of the sun, she shielded her eyes with her hand, and that she could see the traffic on the road, but did not see appellant until he was right in front of her car.

The above, in substance, was the evidence submitted to the jury to establish the allegations of negligence as alleged in appellant's amended complaint.

Appellant complains that the trial court erred in giving to the jury appellee's instruction number seven, as parts of said instruction invade the province of the jury. The instruction reads as follows:

### "DEFENDANT'S INSTRUCTION NO. 7

"If you find from a preponderance of the evidence that plaintiff suddenly and without warning walked into the traveled part of the roadway in question and directly in the path of the defendant's automobile, and if you also find by a preponderance of the evidence that the defendant did not

see the plaintiff or know of his presence at such point, and by the exercise of reasonable and ordinary care defendant could not have seen or known of plaintiff's presence at said point in sufficient time, by the exercise of reasonable and ordinary care, to have avoided the collision with the plaintiff, then there was no duty on the part of the defendant ~~to slow down or~~ to give an appropriate signal by horn or other device."

One of the acts of negligence appellant alleged that appellee committed was: "In failing to sound her horn as a warning to appellant." It appears from the evidence that it was the theory of the appellee that appellant suddenly walked or appeared in front of appellee's automobile, and that she did not have time to stop or sound her horn before striking appellant.

It was the duty of the court to instruct the jury upon the appellee's theory of the case, and said instruction was a proper instruction on such theory. *Acme-Evans Co.* v. *Schnepf* (1938), 105 Ind. App. 475, 15 N. E. 2d 742; *Acme-Evans Co.* v. *Schnepf* (1938), 214 Ind. 394, 14 N. E. 2d 561.

Appellant further complains of instruction number seven on the ground that it conflicted with appellant's instruction number four, which instruction reads as follows:

## "PLAINTIFF'S INSTRUCTION NO. 4

"Members of the Jury, plaintiff's complaint charges as an act of negligence, that the defendant, Jane Brackney Sisco, failed to sound her horn.

"If you find by a preponderance of the evidence that the defendant, Jane Brackney Sisco, did fail to sound her horn, as alleged in the plaintiff's complaint, and that such failure on the part of Jane Brackney Sisco was negligence and was the sole proximate cause of any injury complained of in the plaintiff's complaint, then your verdict should be for the plaintiff William Scott."

Said instruction was based upon the alleged failure of appellee to sound her horn, and the court merely instructed the jury that if they found that appellee did fail to sound her horn, and that such failure was negligence on the part of appellee, and the sole proximate cause of any injury, then their verdict should be for the plaintiff. Instruction number seven explained to the jury that if appellant suddenly walked into the path of appellee's car, and if, by the exercise of reasonable care, appellee could not have seen or known of appellant's presence in time to sound her horn, then her failure to sound her horn was not negligence.

Appellee's instruction number seven was in no way in conflict with appellant's instruction number four, but merely explanatory thereof as to what would, or would not constitute negligence on the part of the appellee if she failed to sound her horn.

Appellant also complains that the court erred in giving to the jury appellee's instruction number three, which instruction was based upon the Acts of 1939, ch. 48, §146, p. 289, sub-section (b), §47-2228, Burns' Ind. Stat., 1952 Replacement, sub-section (b), which instruction reads as follows:

"DEFENDANT'S INSTRUCTION NO. 3

"I instruct you, members of the jury, that there was in full force and effect at the time of this collision a statute in the State of Indiana reading, in part, as follows:

" 'Performance ability of brakes. Every motor vehicle or combination of motor-drawn vehicles shall be capable at all times and under all conditions of loading, of being stopped on a dry, smooth, level road, free from loose material, upon application of the service (foot) brake, within the distances specified below, or shall be capable of being decelerated at a sus-

tained rate corresponding to these distances:

|  | Feet to stop from 20 miles per hour | Deceleration in feet per second |
|---|---|---|
| Vehicles or combination of vehicles having brakes on all wheels | 30 | 14.' " |

Appellant contends that appellee's said instruction number three was not proper because the question of defective brakes was not within the issues in the case. Specifications "C" and "B" of rhetorical paragraph three of appellant's amended complaint alleges that appellee was negligent: "C. In failing to apply the brakes of her automobile in sufficient time to avoid striking William Scott; D. In failing to have her automobile under control."

Evidence was introduced on the question of whether or not appellee applied her brakes before striking appellant.

The condition of her brakes was in issue under the appellant's allegation as set out above. The instruction was proper. Even if it be considered that there was no issue of defective brakes, the instruction was of no harm to appellant since it only recited a statutory provision as to the required efficiency of appellee's brakes.

Appellant complains that the court erred in giving to the jury appellee's instruction number ten for the reason that said instruction invades the province of the jury and further said instruction goes beyond the evidence. The instruction reads as follows:

"A person who proceeds into a place of known danger without exercising reasonable and ordinary care for his own safety does so at his own risk, so, if you find from a preponderance of the evidence in this case that plaintiff started across the road-

way in question and that defendant's vehicle was then and there approaching and in close proximity to the place or point where plaintiff was attempting to cross said roadway and that defendant's travel upon said roadway created an immediate danger or hazard to plaintiff, but that plaintiff nevertheless proceeded to cross said roadway without looking toward the west, and if you further find by a preponderance of the evidence that by looking toward the west plaintiff could have, in the exercise of reasonable and ordinary care, discovered the approach of defendant's car and have avoided injury to himself, but you also find that plaintiff failed to look to the west but proceeded to cross said roadway in a careless and negligent manner, and that the negligence, if any, proximately contributed to his own injuries, if any, he cannot recover in this case and your verdict in that event should be for the defendant."

The above instruction, in substance, sets out that if appellant started across the roadway at a time when appellee's automobile was in such close proximity to the place where appellant attempted to cross, and that by the exercise of reasonable care, appellant could have seen the approach of appellee's automobile if he had looked to the west, thereby avoiding injury to himself, his failure to look was negligence on the part of appellant. The undisputed evidence shows that appellee was proceeding east on the roadway and appellant attempted to cross the roadway from the south side toward the north side. Appellee's automobile was therefore west of the place appellant attempted to cross.

The mere fact that the court mentioned that appellant was to look west was not in any way misleading. Appellant further complains in his brief that the court erred in telling the jury that: "A person who proceeds into a place of known danger without exercising reasonable and ordinary care for his own safety does so

at his own risk . . ." The appellant misquoted said instruction. The court, before giving said instruction, deleted the word, "known"; therefore, the instruction, as given to the jury, read: "A person who proceeds into a place of danger, . . ." Appellant claims that by said instruction, the court assumed that the roadway was a place of danger, and that said assumption was erroneous.

The uncontradicted evidence was to the effect that the roadway was within the private parking lot of a factory. That the accident happened just before 7:00 a.m.; that at about that time the day shift came to work and the night shift quit work; that at that time each day the vehicle traffic in said parking lot and on the roadways was extraordinarily heavy; that appellant had been employed at said factory for some time before the accident and knew of such condition; therefore, appellant knew, or should have known, that said roadway was, at that time, a place of danger.

An instruction, which assumes truth of facts about which there is no conflict in the testimony, is harmless. *McKinnon* v. *Parrill* (1942), 111 Ind. App. 343, 38 N. E. 2d 1008.

Appellant complains of the court in giving to the jury appellee's instruction number eight. This instruction, in effect, instructed the jury that it was the duty of the appellant to use reasonable and ordinary care to protect himself from injury, and to use the senses with which nature had endowed him, and, if, without excuse, he failed to do so, he alone must suffer the consequences, and he would not be excused where he failed to discover the danger if he made no attempt to employ the faculties nature had given him. Similar instructions have been held to be proper. *Day* v. *Cleveland, Columbus, Cincinnati and*

*St. Louis Railway Co.* (1893), 137 Ind. 206, 210, and cases cited therein, 36 N. E. 854.

Appellant complains of the court giving to the jury appellee's instruction number two. This instruction informed the jury that if, after considering all the evidence in the case, they find that the evidence upon any issue of fact is equally balanced, they should find such fact is not proved, and their verdict should be for the appellee. This instruction does not, as appellant contends, shift the burden of proof, on contributory negligence upon appellant. This instruction was not a model instruction on the question of burden of proof and preponderance of the evidence. By the instruction, the court, in effect, advised the jury that if, after considering all the evidence in the case, it found that the evidence upon any issue of fact was not proved, it should determine that issue adversely to the party having the burden of proving it. *Renard* v. *Grande* (1902), 29 Ind. App. 579, 64 N. E. 644.

In appellee's said instruction number two, the court did not, in any manner, set out the issues, nor did said instruction mention the issue of contributory negligence. This instruction simply went to the weight of the evidence and is what is generally considered in the profession as a stock instruction. The court did give to the jury appellant's instructions numbered two, six, nine and fifteen, wherein the jury was fully informed that the burden of proving contributory negligence rested upon the appellee. It is very doubtful whether the jury was in any way misled in believing that said instruction number two cast upon appellant in the first instance the duty to prove freedom from contributory negligence. However, the theory of the burden of proof is often confused with the burden of

the evidence. The burden of proof does not shift during the trial of a cause, but the burden of evidence may shift several times. If the evidence, in a personal injury case, established that the plaintiff was guilty of contributory negligence, and such negligence on the part of the plaintiff directly and proximately contributed to his injury, then the burden of overthrowing such prima facie case of contributory negligence would thereupon shift to the plaintiff, and the burden of proving freedom from contributory negligence would rest upon the plaintiff. Therefore, it often happens that the plaintiff is called upon to prove freedom from contributory negligence even though the burden of proving contributory negligence rests upon the defendant in the first instance.

The evidence in this case established that at the time of the accident it was bright day light; that appellee was proceeding east on a private roadway at about ten miles per hour; that appellant attempted to cross the road and looked both ways before he started across but claimed that he did not see appellee's automobile until it was five or six feet from him, and that it was too late for him to escape from being hit by appellee's automobile. "Physical facts and circumstances are often more convicing than words." *Taylor* v. *Fitzpatrick* (1956), 235 Ind. 238, 243, 132 N. E. 2d 919, and cases cited.

The physical facts as established by the evidence were that appellee's automobile was less than fifteen feet west of the point where appellant attempted to cross said roadway; that appellant claims he looked to the west but did not see appellee's automobile, even though the said automobile must have been in plain sight and less than fifteen feet from him.

The jury had the right to infer that appellant did

see appellee's car and walked out directly in its path, because the law presumes that a person sees that which is in plain sight. Although appellant testified that he did look both ways before he attempted to cross the roadway, and did not see appellee's automobile approaching from the west, the jury had the right to take all of the existing circumstances into consideration as bearing upon the plausibility of appellant's testimony. The jury could have also inferred that the appellant failed to look to the west immediately before he attempted to cross the roadway and that he relied upon the observation of the man in front of him.

A careful reading of all of the evidence and the instruction given in this case clearly establishes sufficient basis for the verdict reached by the jury.

Finding no reversible error, the judgment of the trial court must be affirmed.

Judgment affirmed.

NOTE.—Reported in 156 N. E. 2d 895.