GRISSO v. DUFFEY.

[No. 20,620. Filed September 19, 1967. No petition for rehearing filed.]

*Bredell, Martin & McTurnan* and *C. Wendell Martin,* of Indianapolis, for appellant.

*Easley, Tipton & Erpelding, Joe L. Tipton* and *Edward J. Erpelding,* all of Indianapolis, for appellee.

FAULCONER, J.—This is a damage suit for personal injuries allegedly sustained when the plaintiff-appellee was struck by an automobile driven by defendant-appellant. The jury returned a verdict for the appellee and appellant appeals from a judgment entered thereon. Appellant's motion for new trial was overruled, and such action is the only assignment of error. Appellant specifies six grounds as error in his motion for new trial.

Since appellant argues only that the damages assessed are excessive, under specification number 3; the refusal to give his tendered Instructions Nos. 6, 12, 14, 15, 26 and 27, under specification number 5; and the excusing of a juror under specification number 6, all other specifications of his motion for new trial are waived.

Consideration of appellant's specification number 6 is waived for the reason that there is a total lack of the evidence heard concerning the issue in the bill of exceptions, and no special bill appears in the record. Appellant has further failed to show an abuse of discretion or any way in which such action was prejudicial to his cause. *Smith, Peak* v. *State* (1961), 241 Ind. 311, 326, 170 N. E. 2d 794.

As to specification number 3 of appellant's motion for new trial, the law concerning an award of damages as excessive is too well established by the decisions of this court and the Supreme Court to necessitate setting them forth in this opinion. Applying them to the facts in this cause, we are of the opinion that there is no reversible error.

Appellant contends in specification number 5, that the failure of the trial court to give his tendered Instruction No. 27 is reversible error. For his authority appellant relies on the decisions of *Scott* v. *Sisco* (1959), 129 Ind. App. 364, 156 N. E. 2d 895, and *Acme-Evans Co.* v. *Schnepf* (1938), 105 Ind. App. 475, 15 N. E. 2d 742.

It is a correct statement of the law, as set forth in the above cited cases, that a party is entitled to have the jury instructed on his theory of the case. However, the evidence in in the cause must support such an instruction. Appellant concludes this part of his argument with the statement that,

> "Certainly there is evidence in this case that the plaintiff walked either into the path of the defendant's automobile or into the side of it. Therefore, the defendant's theory of his defense should have been presented to the jury."

Appellant's tendered Instruction No. 27 would have told the jury, in part, "if you find from a preponderance of the evidence that the plaintiff *suddenly and without warning* walked into the traveled part of the street in question, . . ." (Emphasis supplied.)

We have found no evidence nor argument by the appellant that the plaintiff "suddenly and without warning walked into the traveled . . . ," nor does that appear to have been the theory of appellant's defense. In fact, we have the testimony of defendant-appellant, on cross-examination, as follows:

> "Q. Well, is it your impression that these people jumped off the curb and ran into the side of your car?
>
> "A. I wouldn't say 'jumped off' no. I would say they walked off the curb and ran right in to the side of the car.
>
> "Q. And 'ran'?
>
> "A. Well, walked: We'll put it that way."

Appellant has failed to demonstrate the applicability of the quoted part of the instruction to the issues or evidence in

this cause and, therefore, it was not error to refuse his tendered Instruction No. 27.

Appellant's contention that the court erred in failing to give defendant's tendered Instruction No. 26 cannot be sustained. The subject-matter of the instruction was covered by other instructions given, including defendant's Instructions Nos. 1, 3, 5, 20, 25 and 29.

Appellant lastly contends that the court erred in refusing to give his tendered Instructions Nos. 6, 12, 14 and 15. Each of these instructions would have withdrawn a separate charge of negligence from consideration of the jury by instructing them to find for the defendant. A review of the evidence readily exhibits, in our opinion, evidence or reasonable inference therefrom to present each of these allegations to the jury. Therefore, there was no error in the refusal of the trial court to give said instructions.

Finding no reversible error, the judgment of the trial court must be affirmed.

Judgment affirmed.

Carson, P. J. and Cooper, J., concur.

Prime, J., concurs in result.

NOTE.—Reported in 229 N. E. 2d 655.