PALMER *v.* DECKER, ET AL.

[No. 1067A80. Filed November 8, 1968. Rehearing denied November 26, 1968. Transfer denied March 6, 1970.]

*Arthur A. May, Crumpacker, May, Levy & Searer,* of South Bend, for appellant.

*Benjamin Piser, Dempsey Cox,* of South Bend, for appellees.

SMITH, J.—This is an action brought by the appellees against the appellant in the St. Joseph Superior Court for

personal injuries alleged to have been sustained to the eye of the appellee, Jerry Michael Decker, by reason of the alleged negligence of the appellant, John Palmer, in *aiming and firing* an air rifle, the pellet or BB of which struck said appellee in the eye.

The complaint was filed against John Palmer and Charles C. Palmer and Irene Palmer, the parents of the appellant, John Palmer, in which action filed against Charles C. Palmer and Irene Palmer, the appellees specifically charged that on July 30, 1963, they were guilty of negligence in failing to supervise John Palmer, their son, and in furnishing him with an air rifle. At the conclusion of all of the evidence the court directed a verdict in favor of Charles C. Palmer and Irene Palmer, leaving as the only defendant John Palmer, the appellant herein.

In substance, the appellees in their complaint filed against appellant John Palmer alleged that on the 30th day of July, 1963, said appellant was 13 years of age and resided in the home of his parents. That on said date the appellee, Jerry Michael Decker, entered the home of the appellant and as he walked back to the appellant's bedroom and had turned the corner leading to the bedroom, said appellee was struck in the eye by a pellet fired from said air rifle by the appellant. The specific charges of negligence are as follows:

a. *Aiming and firing* the air rifle at a doorway through which the appellant-defendant could have reasonably expected a person to appear.

b. *Aiming and firing* the rifle at the person of the plaintiff-appellee, Jerry Michael Decker.

c. *Aiming and firing* the rifle in the general direction of the person of the appellee-plaintiff, Jerry Michael Decker.

The appellant filed an answer which, in substance, admitted that the appellee Jerry Michael Decker entered the

home of the appellant on the 30th day of July, 1963, and that as he entered the bedroom of the appellant, the appellee was struck in the left eye by a pellet fired from an air rifle by the appellant. Appellant also in his answer denied the specific acts of negligence charged against him in appellees' complaint.

Trial was had to a jury which returned a verdict for the appellee, Jerry Michael Decker, in the sum of $25,000.00 and a verdict for the appellee, A. Linden Decker, in the sum of $2,000.00.

Appellant urges error in the following respects:

That the verdict of the jury is not sustained by sufficient evidence and is contrary to law, and that the court erred in failing to direct a verdict in favor of the appellant at the conclusion of the evidence.

That the trial court erred in giving to the jury at the conclusion of the evidence instructions numbers 3, 5 and 6, and failing to give instruction number 9 submitted by the appellant.

In this opinion the court will group together and consider the following allegations of error contained in the motion for a new trial:

1. That the verdict of the jury is not sustained by sufficient evidence.

2. That the verdict of the jury is contrary to law.

3. That the court erred in overruling appellant's motion for directed verdict at the conclusion of all of the evidence.

It is a well established principle of law that if the appellees were to recover from the appellant, John Palmer, in this case, they must recover upon the allegations of negligence set forth in the complaint; and that the appellees are required to recover, if at all, upon proof of one or more of said acts of negligence.

From an examination of the record evidence, it is apparent that the verdict of the jury is not sustained by sufficient evidence of probative value and was contrary to law in that there was a total lack of substantial evidence, of probative value, to show that the appellant was guilty of any one or more of the acts of negligence charged in the appellees' complaint; and that the verdict of the jury denied to the appellant the relief to which he was entitled under the law. It is our opinion that the appellant was entitled as a matter of law to have the court sustain its motion for directed verdict and to have the jury directed to find for the appellant and against the appellees on their complaint.

In the case of *New York Central Railroad Co. v. Knoll* (1965), 140 Ind. App. 164, 204 N. E. 2d 220, 221, our court stated as follows:

> "It is fundamental that in civil actions the plaintiff must recover upon the case he makes upon his complaint or not at all; that he cannot sue upon one set of facts and recover upon another."

In the case of *Summers v. Weyer* (1967), 141 Ind. App. 176, 226 N. E. 2d 904, at page 907, our court stated as follows:

> "Where specific acts of negligence are alleged in the complaint, it is well settled that the plaintiff must recover, if at all, upon proof of these acts."

The complaint charged specifically that the negligence of the appellant consisted of one or more of the following acts:

a. *Aiming and firing* the air rifle at a doorway through which he could have reasonably expected a person to appear.

b. *Aiming and firing* the air rifle at the person of appellee, Jerry Michael Decker.

c. *Aiming and firing* the air rifle in the general direction of the person of the appellee, Jerry Michael Decker.

It is quite apparent that the charges of negligence as set forth in the complaint charged that the appellant *aimed and fired* the rifle at the appellee, or through the doorway through which the appellee could be expected to appear.

Further, from an examination of the record evidence, it appears that there is a complete lack of evidence on the part of the appellees that the appellant, John Palmer, *intentionally aimed and fired* the air rifle at the appellee, or through a doorway through which he could expect the appellee to appear.

The undisputed evidence in this case shows that the appellant and the appellee, Jerry Michael Decker, had been swimming at a swimming pool on the day of the accident in question; and that upon their return, they both went to their respective homes and changed their clothes, after which they intended to go out and shoot the appellant's air rifle in a nearby woods. The appellant, John Palmer, after arriving at his home, went to his room which is at the end of the hall at the one end of the house. He sat on his bed in his room, facing the east wall, with the doorway to his right and slightly behind him. He took the air rifle from under his bed and laid it on his lap with the barrel to his right and was looking at his gun and not out the doorway in question. He did not know that the appellee was in his home, or that anybody else was in the vicinity of his room. He cocked the gun, pulled back the hammer and pulled the trigger, thereby discharging a pellet which struck the appellee as he came to the end of the hall and started his left turn into appellant's bedroom. The appellant stated that he did not hear any noise or sound of the appellee as he came through the house, down the hall to appellant's room, which evidence is corroborated by the appellee in his testimony that he made no sound as he walked through the house on the

carpeted hallways to the room of the appellant and that it was only when he arrived at a position in the hallway opposite the appellant's bedroom that he was struck in the eye by the pellet.

We find nothing in the evidence which would sustain the fact that John Palmer *aimed and fired* his gun with the *intention* of shooting the air rifle at or towards the appellee or through the doorway through which he could reasonably expect the appellee to appear.

In support of his contention the appellant has cited the case of *Sutton v. Bonnett* (1887), 114 Ind. 243, 16 N. E. 180. The evidence in the *Sutton* case disclosed that two boys, John and Thomas Sutton, were hunting in a field; and that the two boys were joined in the hunting expedition by the appellee. With the pistol loaded the three boys walked toward a part of the field, with the appellee Bonnett carrying the pistol. As the boys walked along the field, the appellee Bonnett cocked the pistol. The hammer did not work properly and he again cocked the pistol and turned around and took his thumb from the hammer of the pistol. As he did so the pistol discharged, thereby striking the appellant Thomas Sutton in the face and severely injuring him. At the time the pistol was discharged, the appellant Bonnett did not see Thomas Sutton, who had changed his position in the line in which they were walking. The Supreme Court in its opinion spoke as follows:

"We have given a synopsis of the evidence adduced on the part of the appellee. This evidence was contradicted in some particulars by that of the appellant, but it is only necessary to mention one of the particulars in which it was contradicted, and that is this: *The appellant's evidence tends to prove that the pistol was pointed at Thomas by the appellee.*

"We have no doubt that if the appellee had purposely pointed the pistol at Thomas he would be liable, even though he did it without any intention to injure him. Our statute makes it an offense to purposely point a pistol at

another and violation of this statute is an actionable wrong. *Lange v. State*, 95 Ind. 114. *But where the weapon is accidentally, and not purposely, pointed at another, the statute does not apply.*

"The first instruction asked by the appellant and refused *leaves out the element of purpose, and was properly refused.*" (Emphasis supplied.)

The appellees tendered to the trial court their instruction Number 5, which the court gave to the jury over the objection of the appellant, which tendered instruction number 5 reads as follows:

"It is admitted as the plaintiff, Jerry Michael Decker, entered the room of the defendant, John Palmer, Jerry Michael Decker was struck in the left eye by a pellet or BB fired from the BB rifle of the defendant, John Palmer.

"If you find from a fair preponderance of the evidence that at the time of the use of the BB rifle by the defendant, John Palmer, on the occasion in question, John Palmer knew or, in the exercise of reasonable care, should have known, that his BB rifle was on safety before he fired the BB rifle; that the defendant John Palmer, knew or, in the exercise of reasonable care should have known, that a pellet or BB fired from his BB rifle could cause physical injury; *and that the defendant, John Palmer, pointed his BB rifle*, took his BB rifle off safety and fired his BB rifle toward a doorway through which he could have reasonably expected a person to appear, *you may find that such conduct constituted negligence on the part of the defendant, John Palmer.*" (Emphasis supplied.)

The appellant's objection to the court's giving of appellee's tendered instruction number 5 is that the giving of the instruction constitutes prejudicial and reversible error because said instruction instructed the jury on matters that are not within the issues formed by the pleadings and the evidence; and that where an instruction is given upon matters not properly within the issues of the case, the giving of the instruction will constitute prejudicial error unless the record shows that the complaining party was not prejudiced thereby.

It is fundamental and long established in the State of Indiana that a trial court cannot instruct a jury on issues that are not formed within the pleadings. See *Chesapeake & O. Ry. v. Boston* (1948), 118 Ind. App. 526, 75 N. E. 2d 194.

In the case of *Wylie v. Meyers* (1958), 238 Ind. 385, 150 N. E. 2d 887, the plaintiff alleged in the complaint specific acts of negligence and the appellee tendered an instruction which was given by the court instructing the jury on an act of negligence which was not alleged in the complaint. The Supreme Court in its opinion said as follows:

> "Where specific acts of negligence are alleged in a complaint the plaintiff must recover upon proof of these facts, or not at all.

✻   ✻   ✻

> "The failure to give warning by sounding a horn, which was the specific act of negligence made the subject of the above instruction, was not an act of negligence alleged in the complaint and thereby made an issue in this case."

*The court then stated that this issue was wholly outside of the issuable facts and for that reason was erroneous and constituted reversible error.*

It is a well established principle of law in this state that to be proper an instruction *is required not only to state the law correctly, but the same must be relevant to the issues and applicable to the evidence in the case,* and that the purpose of instructing the jury is to advise them of the particular question they are to determine and to inform them as to how to apply the law to the facts as they find them to be from the evidence. *Coleman v. Chapman* (1966), 139 Ind. App. 385, 220 N. E. 2d 285; *Garatoni v. Teegarden* (1958), 129 Ind. App. 500, 154 N. E. 2d 379; *Emerson Brantingham Co. v. Growe* (1922), 191 Ind. 564, 133 N. E. 919.

It is quite apparent that appellee's instruction number 5 in substance instructed the jury that if they should find

that appellant, John Palmer, *aimed* his air rifle *and fired* his air rifle toward a doorway through which he could reasonably expect a person to appear, this would constitute negligence on the part of John Palmer. There is no such charge of negligence against John Palmer set forth in the complaint. The complaint, the pre-trial order and the theory upon which this case was tried was on the charge of negligence that appellant, John Palmer, *aimed and fired* his rifle at the appellee or at the doorway through which he could have reasonably have expected the appellee to appear. There is a complete lack of evidence that John Palmer *aimed and fired* his air rifle directly at the appellee or at a doorway through which he could have reasonably expected the appellee to appear. Said instruction was outside of the evidence presented in this cause and the giving of appellee's tendered instruction number 5 constitutes reversible error which is prejudicial to the appellant herein.

The next asserted error concerns the giving of appellees' tendered instruction number 6. Instruction number 6 reads as follows:

"A person is bound to use the senses and to exercise the reasoning faculties with which nature has endowed him."

It is the law in the State of Indiana that the care that must be exercised by infants is measured by that standard of care that infants of like age, knowledge, judgment and experience would ordinarily exercise under like conditions and circumstances. *Tabor v. Continental Baking Co.* (1941), 110 Ind. App. 633, 38 N. E. 2d 257; *Niegos v. Indiana Harbor Belt R. R. Co., et al.* (1953), 124 Ind. App. 430, 116 N. E. 2d 550; *Town of Argos v. Harley* (1943), 114 Ind. App. 290, 49 N. E. 2d 552.

It is our opinion that the giving of appellee's tendered instruction number 6 is reversible error in that said instruction fails to restrict the application of said instruction to an infant of similar age, judgment and experience.

The appellant contends that the court erred in giving to the jury the court's instruction number 3. Instruction number 3 reads as follows:

"I have just read to you what is known as the pleadings in the case. The pleadings have been prepared and filed by the respective attorneys for each of the parties. *They are merely the formal way of presenting the case for trial and set out the respective claims of the parties.* (Emphasis supplied).

"The pleadings are not evidence in the case and should not be considered by you as proof of any fact.

"However, any admission of fact contained in the pleadings must be accepted by you as true."

It is our opinion that pleadings constitute much more than "a formal way of presenting the respective claims". It is fundamental under the law of the state that pleadings state the issues and that the appellee in this case must recover upon the allegations of negligence set forth in his complaint, and that he cannot sue upon one set of facts and recover upon another. *N.Y.C. RR. Co. v. Knoll* (1965), 140 Ind. App. 164, 204 N. E. 2d 220; *Summers v. Weyer* (1967), 141 Ind. App. 176, 226 N. E. 2d 904. Furthermore, it appears that the trial court's instruction number 3 infers to the jury that it did not have to confine its deliberations to the allegations set forth in the complaint in determining liability of the appellant.

The appellant further maintains that the trial court erred in refusing to give appellant's instruction number 9, as amended, which reads as follows:

"Ladies and Gentlemen of the jury I instruct you that the word 'aim' means the pointing of a weapon as gun, at or so as to bear upon the object intended to be struck; the direction of anything toward a particular point or object with a view to strike it."

It is the contention of the appellant that appellant's instruction number 9 contains the definition of the word "aim"

as accepted by the Supreme Court of Indiana; that said instruction is a proper instruction setting forth the definition of said word; and that said instruction was properly within the issues of the pleadings and the issues to be determined by the jury. That the failure of the court to give appellant's instruction number 9 was clearly erroneous and constituted prejudicial error to the appellant.

A party is entitled to have the jury instructed upon his theory of the case if the instruction tendered is within the issues tendered by the pleadings and supported by the evidence. *Grisso v. Duffey* (1967), 141 Ind. App. 459, 229 N. E. 2d 655; *Scott v. Sisco* (1959), 129 Ind. App. 364, 156 N. E. 2d 895; *Acme-Evans Company v. Schneph* (1938), 105 Ind. App. 475, 15 N. E. 2d 742. It appears to be the contention of the appellant in this case that for the appellant to be guilty of the specific acts of negligence charged against him in the complaint, the substantial evidence of probative value must show and the jury is required to find that the appellant *purposely aimed* the air rifle at the appellee or *purposely aimed* the air rifle at the doorway through which the appellee could reasonably be expected to appear. It is our opinion that appellant's contention has merit and that instruction number 9 accurately sets forth the definition of the word "aim" as used by our Supreme Court and is a correct statement of the law, and should have been given. *Dunkle v. State* (1961), 241 Ind. 548, 173 N. E. 2d 657; *Sutton v. Bonnett, supra.*

Because of the fact that the verdict of the jury is not sustained by substantial evidence of probative value, the verdict of the jury is contrary to law because there is a total lack of evidence to sustain the verdict of the jury based upon the pleadings and the issues; and because of the errors committed by the court in the giving and refusing to give certain instructions considered and discussed in this opinion. It is, therefore, our opinion that there is manifest

error in the proceedings and the judgment in this case is prejudicial to the appellant and should be reversed.

Judgment reversed with instructions to the trial court to sustain the motion for a new trial.

Cook, P.J., Bierly and Pfaff, JJ., concur.

NOTE.—Reported in 241 N. E. 2d 381.